### William A. Beers et al. v. Alice M. Beers.

*Deed: Evidence: Parol agreement.* Evidence of a parol agreement alleged to have accompanied the delivery of a deed, by which, upon certain conditions, the deed should be re-delivered to the grantor, is inadmissible, there being no evidence of fraud, or any other circumstance which could prevent the operation of the deed as an absolute conveyance.

*Heard October 21. Decided October 25.*

Error to St. Clair Circuit.

This is an action on the case brought by William A. Beers and others, heirs-at-law of Horace Beers, in the Circuit Court for the County of St. Clair, against Alice M. Beers, the widow of the deceased, and administratrix of his estate. The declaration alleges that Beers, at his

death, was seized of certain premises therein described, by virtue of an unrecorded deed ; that the defendant caused said deed to be destroyed, and obtained from the grantor a deed to herself of the same premises, and had sold and conveyed said property to a *bona fide* purchaser. On the trial, the defendant was sworn as a witness, to prove that said deed made to her husband was not absolute, but conditional or in trust. The Circuit Judge admitted the testimony, against the plaintiffs' objection, and rendered a judgment for the defendant; and the plaintiffs bring the cause in this Court by writ of error.

*W. S. Edwards* and *C. I. Walker*, for plaintiffs in error.

*T. C. Owen, W. T. Mitchell*, and *D. C. Holbrook*, for defendant in error.

GRAVES, J.

The plaintiffs in error, being heirs-at-law of one Horace Beers, deceased, brought an action on the case in the court below, against the defendant in error, who was the widow of the latter, and administratrix of his estate, to recover damages for the alleged destruction by her of a deed of certain premises, of which it was claimed Horace Beers died seized.

The plaintiffs submitted evidence tending, among other things, to show that shortly before the death of Horace Beers, one Orvil Heminger executed, acknowledged and delivered to him the deed in question as a conveyance of the lands described by it in fee, and that, as grantee named in it, Beers retained the deed up to the time of his death, and left it among his papers.

Having gone through with their evidence in chief, the

plaintiffs rested, and the defendant being then sworn as a witness in her own behalf, was allowed to testify, under objection, in substance, that the deed from Heminger was given under a parol agreement between her husband and Heminger, and that by such agreement Beers was to give Heminger certain promissory notes, and a debt owing by Heminger to Beers of $450, secured by mortgage on the land to be conveyed, and which had been executed by Heminger to Beers, and that Heminger was to execute and deliver the deed for such consideration; that if Heminger, however, should be unable to collect the notes to be given to him under the arrangement, he was to keep the land, and Beers was to give up the deed. She was also allowed to testify, under objection, that Heminger did not collect the notes, and called two or three times before her husband died, to get the deed, and that the latter could not see him. She further stated that she thought Heminger took the deed.

We think that it was clearly incompetent to give evidence of this parol agreement. The drift of this proof was to attach a parol condition to the grant by Heminger wholly repugnant to its legal effect, or to invalidate the delivery of the deed without proving fraud, or any other circumstance which could prevent the operation of the instrument as an absolute conveyance to Beers; and we can perceive no grounds upon which this could be allowed.— *Dawson v. Hall, 2 Mich., 390; Skinner v. Hendrick, 1 Root, 253; Ward v. Lewis, 4 Pick., 518, 520; Dix v. Otis, 5 id., 38; State v. Perry, 1 Wright's R., 662, 667; Warren v. Miller, 38 Maine, 108; Black v. Shreve, 2 Beasley, 455; Cincinnati, W. & Z. R. R. Co. v. Iliff, 13 Ohio (new series), 235; Worrall v. Munn, 5 N. Y., 229; Braman v. Bingham, 26 ib., 483.*

The further objection against this testimony, based upon the statute of 1861 (*L. 1861, p. 169*), becomes immaterial in this case.

As the evidence itself was incompetent, we need not decide whether the witness was or was not disqualified by statute from testifying to the facts.

The judgment must be reversed and a new trial ordered, with costs to plaintiffs in error.

The other Justices concurred.