*Solomon Harley v. Peter Weber.

1. Admission of Parol Evidence to Vary or Contradict a Written Contract.

Parol evidence, as to conversations or declarations of the parties at the time, is inadmissible to vary or contradict a written contract.

2. An Agreement not to be Performed Within One Year, Must be in Writing.

Where a promissory note, absolute on its face, is given for a quantity of Bohemian oats, it being agreed at the same time, verbally, between the maker and the agent that such note should not become due and payable and called for until fifty bushels of oats to be raised from the seed the ensuing year should be sold for the maker by the payee at $10 per bushel, such agreement, not being to be·performed within one year, must be in writing, and to be available as defense, the answer must allege that such agreement was in writing.

Error to the Court of Common Pleas of Crawford county.

This is a petition in error to reverse the judgment of the court ot common pleas, rendered in favor of defendant at the September term, 1886.

The suit in the court of common pleas was upon a promissory note in the following form:

"$250.                             December 25th, 1884.

"On or before the first day of February, 1886, I promise to pay to Frank Tobin, or bearer, two hundred and fifty dollars, for value received, with interest at the rate ol six per cent. per annum.         Peter Weber."

"Indorsed: ˙ Frank Tobin."

The defendant filed an answer, alleging that on or about the 25th of December, A. D., 1884, he entered into a contract with Frank Tobin, by which Tobin sold him Bohemian oats at $10 per bushel to the amount of $250, on the consideration and condition that out of the crop of oats to be raised by defendant the next year, there should be sold for defendant 50 bushels at $10 per bushel; that defendant executed to Tobin his note for $250 in payment of said oats; that Tobin agreed and promised that defendant's said note should not become due and payable or called for until fifty bushels of oats had been sold for defendant at $10 per bushel; that to secure the performance of said condition and contract of the said Frank Tobin he procured to be given to defendant a written bond in the following form:

"A bond from the Crawford, Henry and Williams County Bohemian Oats Association, to be signed by our superintendent, O. H. Brasington, Vernon township, Crawford county, State of Ohio, December 25th, 1884.

"We do hereby agree to sell fifty bushels of Bohemian oats for Mr. Peter Weber at ten dollars per bushel, for which the said Weber is to pay 25 per cent. commission for selling. The note given by Mr. Weber to Mr. Tobin, due February 1, 1886, will not be called for until the above amount is sold at ten dollars per bushel.

"O. H. Brasington, Superintendent."

The answer further alleged that no part of the oats in said bond and contract specified has been sold, and that Tobin has refused to sell the same; that Tobin agreed and promised to keep defendant's note and not sell or transfer it, but that he did sell it to plaintiff, and that plaintiff had notice·of the facts set forth.

---

*The judgment in this case was affirmed by the Supreme Court, without report, March 31, 1891.

Plaintiff replied, denying knowledge on his part of the defenses claimed, and also a general denial of the allegations of the answer.

The jury returned a verdict for the defendant.

The plaintiff filed a motion for a new trial, alleging that the verdict was against the evidence, and that the court erred in admitting the evidence objected to.

The court overruled the motion, and rendered judgment on the verdict, and plaintiff excepted. A petition in error was filed in the circuit court to reverse this judgment, alleging as error:

First—The court erred in overruling plaintiffs motion for a new trial.

Second—The court erred in the admission of testimony offered by defendant, to which plaintiff excepted.

Third—Said judgment was contrary to the evidence and the law.

Fourth—Said judgment was for defendant, when it should have been for plaintiff.

The evidence is all set forth in the bill of exceptions.

BEER, J.

The defense, as disclosed by defendant's answer, is in substance that Tobin when he sold the oats to defendant, made an agreement to sell fifty bushels of oats for defendant, the ensuing year, at ten dollars per bushel, and that the note in suit should not become due until said oats were sold, and in order to secure the performance of that agreement of Tobin, he gave defendant the bond of O. H. Brasington, Superintendent, as set forth in his answer.

The evidence is all set out in the bill of exceptions, wherein it appears that Tobin's agreement was not in writing, and the question is presented, whether a verbal condition can thus be annexed to the written promissory note which is negotiable and regular in form, especially to avail in the hands of a third party. In the case of Headington v. Neff, 7 O., Part I, 229, 231, the court say: "If a party will screen himself from liability because he was surety and notified the creditor to proceed against the principal debtor, such notice must be in writing. Counsel say, however, that it may be shown on the trial that such notice was in writing, but that it is unnecessary to aver it in the plea. We entertain a different opinion. When a promise is required to be in writing, it may be declared on generally in a declaration; but a plea must be more certain, and show the promise in writing, or such plea will be bad on special demurrer, and such is the authority of Chitty."

In the case of Reinheimer v. Carter, 31 O. S., 579, it is decided that where a defense to an action is founded on an agreement not to be performed within a year, the answer must show that such agreement was in writing.

In the present case the contract of Tobin, to modify the note or show that it is not due, to be valid, must have been in writing, and the answer to be available, must allege that his contract was in writing. Vide 1 Bates, 100, sec. 2, and cases cited.

In Swan's Treatise. page 158, the author uses the following language: "The object of parties putting their engagements in writing, is to prevent any uncertainty as to the object or extent of the contract and to give full expression to their meaning, and as evidence of their final intentions.

"If the conversations or declarations of the parties, made before or at the time when the written contract was entered into, could be given in evidence to vary the terms of the written contract, it would tend, in many instances, to substitute a new and different verbal contract for the one really agreed upon, and bring upon one or both parties the very mischief which was sought to be avoided by reducing their contract to writing. Hence the rule of law, that whatever language may have been used by either party, before or at the time the contract was reduced to writing, varying from or contradicting, or in addition to the written contract, it cannot be received in evidence, parol contemporaneous evidence being inadmissible to contradict, or add to, or vary the terms of a valid written

instrument. And this rule is applicable to all instruments in writing which contain the terms of a contract between parties, and are designed to be evidence of their final intention, whether bonds, notes or simple contracts."

The principles thus clearly published by Judge Swan find support also in the following authorities: Painter v. Painter, 18 O., 247; Holzworth v. Koch, 26 O. S., 33, 37; Brown v. Willis, 13 O., 27; Thurston v. Ludwig, 6 O. S., 1; Edwards v. Richards, Wright's Rep., 496; Ormsbee v. Machir, 20 O. S., 295; Shore v. Wilson, 9 Clark & Finnelly, 563; Collins v. Insurance Co., 17 O. S., 215; Johnson v. Pierce, 16 O. S., 473; Worman v. Teagarden, 2 O. S., 380, 382; Stone v. Rockefeller, 29 O. S., 625; Dow v. Tuttle, 4 Mass., 414; 2 Parsons on Notes and Bills, 530, 531; Kelso v. Fry, 4 Bibb.. 493 and 47, Am. Rep., 602: Edwards on Notes and Bil's, 313, 29 Mo., 507, 309; Greenleaf on Evidence, sec. 275; Denton v. Whitney, 31 O. S., 89, 99; Daniels on Negotiable Instruments, secs. 156, 159; 22 Mich., 42; Lester v. Foster, 11 Am. Law Reg. N. S., 331; 60 Barb., 34.

In Daniel on Negotiable Instruments, sec. 80, the author uses this language:

"It is a general principle of law that parol evidence is inadmissible to vary or contradict a written contract.

"Therefore, a bill or note be absolute upon its face, no evidence of a verbal agreement made at the same time, qualifying its terms, can be admitted. Thus where a note is payable on demand, it cannot be shown by verbal testimony that it was agreed that it should not be paid till after the decease of the testator; nor until after sale of the maker's estate; nor until a certain account should be adjusted and credited on its face; nor until certain premises were delivered up; nor until the amount was collected from certain sources; nor until a certain draft was received. Nor can it be shown verbally that demand of a postdated check was not to be made at maturity; nor that a note in which no time for payment is expressed and which is therefore constructively payable on demand, was to be paid at a specified time."

These principles are elementary, and when applied to the present case, are fatal to the defense as set forth in defendant's answer.

The answer does not allege that Brasington failed to comply with the terms of his bond, but that defendant took it as security that Tobin would comply with his verbal agreement to sell defendant's oats.

Such verbal agreement cannot vary the terms of the promissory note.

1. The court of common pleas erred in admitting the evidence of the alleged agreement of Tobin.

2. The answer does not state a defense to plaintiff's petition, and

3. The verdict was against the evidence.

For which reasons the judgment is reversed, with costs, and the action is remanded to the court of common pleas for further proceedings.

MOORE and SENEY, JJ., concurred.

Teel and Vollrath, for plaintiffs.

Skiles & Cahill, for defendant.