Beer, J.
The defense, as disclosed by defendant’s answer, is in substance that Tobin when he sold the oats to defendant, made an agreement to sell fifty bushels of oats for defendant, the ensuing year, at ten dollars per bushel, and that the note in suit-should not become due until said oats were sold, and in order to secure the performance of that agreement of Tobin, he gave *59 defendant the bond of O. H. Brasington, Superintendent, as set forth in his answer.
The evidence is all set out in the bill of exceptions, wherein it appears that Tobin’s agreement was not in writing, and the. question is presented, whether a verbal condition can thus be annexed to the written promissory note which is negotiable and regular in form, especially to avail in the hands oí a third party. In the case of Headington v. Neff, 7 Ohio, 365, the court say : “ If a party will screen himself from liability because he was surety and notified the creditor to proceed-against the principal debtor, such notice must be in writing. Counsel sa^-, however, that it may be shown on the trial that such notice was in writing,'but that it is unnecessary to aver it in the plea. We entertain a different opinion. When a promise is required to be in writing, it may be declared on generally in a declaration; but a plea must be more certain, and show the promise in writing, or such plea will be bad on special demurrer, and such is the authority of Chitty.”
In the case of Reinheimer v. Carter, 31 Ohio St., 579, it is decided that where a. defense to an action is founded on an agreement not to be performed within a year, the answer must show- that such agreement wTas in uniting.
In the present case the contract of Tobin, to modify the note or show that it is not due, to be valid, must have been in writing, and the answer to be available, must allege that his contract was in writing. Vide 1 Bates, 100, sec. 2, and cases cited.
In Swan’s Treatise, page 158, the author uses the following language : “ The object of parties putting their engagements in writing, is to prevent any uncertainty as to the object or extent of the contract and to give full expression to their meaning, and as evidence of their final intentions.
“Ifjhe conversation or declarations of the parties, made before or at the time w’hen the written contract was entered into, could be given in evidence to vary the terms of the written contract, it would tend, in many instances, to substitute a new and different verbal contract for the one really agreed upon, and*bring upon one or both parties the very mischief which W'as sought to be avoided by reducing their contract to writing. Hence the rule of law, that whatever language may have been *60 used by either party, before or at the time the contract was reduced to writing, varying from or contradicting, or in addition to the written contract, it cannot be received in evidence, parol contemporaneous evidence being inadmissible to contradict, or add to, or vary the terms of a valid written instrument. And this rule is applicable to all instruments in writing which contain the terms of a contract between parties, and are designed to be evidence of their final intention, whether bonds, notes or simple contracts.”
The principles thus clearly published by Judge Swan find support also in the following authorities : Painter v. Painter, 18 Ohio, 247; Holsworth v. Koch, 26 Ohio St., 33, 37; Brown v. Willis, 13 Ohio, 26; Thurston et al. v. Ludwig, 6 Ohio St., 1; Edwards v. Richards, Wright’s Rep., 496; Ormsly v. Machie, 20 Ohio St., 295; Shore v. Wilson, 9 Clark & Finnelly, 563; Collins v. Insurance Co., 17 Ohio St., 215 ; Johnson v. Pierce, 16 Ohio St., 215; Woman’s Lessee v. Tegarden, 2 Ohio St., 380, 382; Stone v. Rockefeller, 29 Ohio St., 625 ; Dow v. Tuttle, 4 Mass., 414; 2 Parsons on Notes and Bills, 530, 531; Kelso v. Fry, 4 Bibb., 493, and 47 American Rep., 602; Edwards on Notes and Bills, 313, 29 Mo., 507, 309; Greenleaf Ev., sec. 275 ; 31 Ohio St., 89, 99; Daniels on Neg. Inst., sections 156, 159; 22 Mich., 42; Lester v. Foster, 11 Am. Law Reg. N. S., 331; 60 Barb., 34.
In Daniel on Negotiable Instruments, sec. 80, the author uses this language:
“It is a general principle of law that parol evidence is inadmissible to vary or contradict a written contract.
“ Therefore, if a bill or note be absolute upon its face, no evidence of a verbal agreement made at the same time, qualifying its terms, can be admitted. Thus where a note is payable on demand, it cannot be shown by verbal testimony that it was agreed that it should not be paid till after the decease of the testator; nor until after sale of'the maker’s estate ; nor until a certain account should be adjusted and credited on its face ; nor until certain premises were delivered up; nor until the amount was collected from certain sources; nor until a certain draft was received. Nor can it be shown verbally that demand of a postdated check was not to be made at maturity; nor that a note in which no time for payment is expressed *61 and which is therefore constructivelyjpayable on demand, was to be paid at a specified time.”
Teel and Vollrath, for plaintiffs.
¡STciles & CaMU, for defendant.
These principles are elementary, and when applied to the present case, are fatal to the defense as set forth in defendant’s answer.
The answer does not allege that Brasingtongfailed to comply with the terms of his bond, but that defendant took it as security that Tobin would comply with his verbal agreement to sell defendant’s oats.
Such verbal agreement cannot vary the terms of the promissory note.
1. The court of common pleat erred in admitting the evidence of the alleged agreement of Tobin.
2. The answer does not state a defense to plaintiff’s petition, and
3. The verdict was against the evidence.
For which reasons the judgment is reversed,'with costs, and the action is remanded to the court of common pleas for further proceedings.
Moore and Seney, J.J., concurred.