. 82   385
93   294
94   385

82   385
104   127

GRACE I. STEBBINS ET AL. v. HENRY S. DEAN AND GEORGE KINGSLEY, EXECUTORS, ETC.

[See 22 Mich. 42.]

*Action—Fraud—Survival.*

A right of action based wholly upon the destruction by a widow of unrecorded deeds of lands to her husband, the title to which

---

[1] On a second trial plaintiff recovered a verdict of $15,000.

82 MICH.—25.

she afterwards secures in her own name in fraud of the rights of his heirs, does not survive at common law or by How. Stat· § 7397.

Error to St. Clair. (Canfield, J.) Argued June 6, 1890. Decided October 10, 1890.

Case. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*William S. Edwards,* for appellants.

*Avery, Jenks & Avery (W. T. Mitchell,* of counsel), for defendants.

GRANT, J. This suit was originally brought by 10 plaintiffs, as heirs at law of Horace Beers, deceased, against Alice M. Beers, the widow of said Horace, in 1866. The declaration alleges that Horace died in 1859, seised of certain lands therein described, the title-deeds to which have not been recorded; that he left no direct heirs, but left a widow, Alice; that she destroyed the deeds, and afterwards obtained the title in her own name; that some years afterwards she sold the same to one Fish, who bought in good faith, and in ignorance of plaintiffs' rights; that therefore they have no remedy against Fish; and that, by means of these matters, she unlawfully defrauded the said plaintiffs of their legal rights and interests in said lands, and the same became wholly lost to them,—to their damage $5,000. Issue was joined, and suit tried in the circuit court, while the then plaintiffs were all living, resulting in a judgment for the defendant. The case was brought to this Court in 1870, reversed for errors in the admission of testimony, and remitted for a new trial. *Beers v. Beers,* 22 Mich. 42.

Two of the present plaintiffs, besides claiming as heirs at law, also claim the rights of other heirs, by virtue of

two quitclaim deeds of the lands described, and plaintiff Edwards claims the right to sue, by virtue of three other deeds from four other heirs. These deeds contain no express assignment of the right of action, and the deeds themselves do not operate as such. These deeds were all executed after the alleged fraud on the part of Alice, by which it is claimed that their rights in the land were lost to them. Edwards was attorney for the original plaintiffs, and caused his name to be inserted as plaintiff, December 27, 1888.

Edwards had no interest which entitled him to be made a plaintiff. The only interest he had, if any, was the interest his grantors had in the land.

The suit was tried again in February, 1890, and verdict directed by the court for the defendants. Between the first and second trials, seven of the original plaintiffs had died, as had also the original defendant, Alice M. Beers, whose name, at the time of her death, was Alice M. Risdon.

This is not one of those actions that survived at the common law. 1 Williams, Ex'rs, 669; 3 Bac. Abr. 539; *U. S. v. Daniel,* 6 How. 11; *Jarvis v. Rogers,* 15 Mass. 398; *Cutting v. Tower,* 14 Gray, 183; *Leggate v. Moulton,* 115 Mass. 552; *Cummings v. Bird,* Id. 346; *Mellen v. Baldwin,* 4 Id. 480. Our statute in regard to the survival of actions is as follows:

"In addition to the actions which survive by the common law, the following shall also survive, that is to say: Actions of replevin and trover; actions for assault and battery, or false imprisonment, or for goods taken and carried away; and actions for damage done to real or personal estate." How. Stat. § 7397.

The Massachusetts statute is identical in language with our own. *Cutting v. Tower* and *Cummings v. Bird, supra,* hold that the statute—

" Was intended to include only those cases where injury is occasioned to property by the direct wrongful act of a party upon the property."

We think this construction of the statute correct. It has frequently been held by this Court that rights of action which survive are assignable. *Final v. Backus,* 18 Mich. 231; *Brady v. Whitney,* 24 Id. 154; *Grant v. Smith,* 26 Id. 201; *Finn v. Corbitt,* 36 Id. 318; *Felt v. Evaporating Co.,* 52 Id. 606 (18 N. W. Rep. 380). It is also the settled rule in this State that actions for fraud and deceit are not assignable. *Dayton v. Fargo,* 45 Mich. 153 (7 N. W. Rep. 758); *Brush v. Sweet,* 38 Id. 578; *Felt v. Evaporating Co., supra.* The case at bar is nearly identical in principle with *Brush v. Sweet.* In that case the proceeding was in equity by the executors of the grantor nominally, but really for themselves and another, to whom they had assigned an interest in the suit. The suit was against the original grantees to set aside the deeds as fraudulent. The assignment was held void, and the bill dismissed; the Court holding that " the right to complain of a fraud was not a marketable commodity." Now, in such cases, the right of assignment and survival to personal representatives are convertible propositions. *Zabriskie v. Smith,* 13 N. Y. 334. The claim of plaintiffs is based wholly upon the fraud alleged against the widow of Horace Beers in destroying the deeds and procuring the title in herself. It follows that the right of action did not survive, and that the suit abated upon the death of the original defendant.

Judgment affirmed.

The other Justices concurred.