## BLEWETT v. FRONT-STREET CABLE RY. CO.

*(Circuit Court, D. Washington, N. D.   December 7, 1891.)*

1. BONDS—ACTIONS—MEASURE OF DAMAGES—PENALTY.
    Plaintiff conveyed property to a trustee for defendant as part of a bonus to aid in the construction of a cable road of which defendant was a promoter, and took from it a bond in a penalty equal to the value of the land conveyed, conditioned for the construction of the road. The road was not constructed, and plaintiff sued on the bond. *Held,* that he was entitled to recover the whole of the penalty, as the value of the property is a proper measure of damages for the breach of the contract in consideration of which it was conveyed.

2. DEEDS—DELIVERY—ESCROWS—PAROL EVIDENCE.
    Where the deed was duly delivered to such trustee, and purported to vest the title unconditionally, parol evidence is not admissible to show that it was delivered in escrow, and was not to take effect unless defendant secured an additional bonus, but was to be returned to plaintiff, and the bond thereupon to be void, if the road was not constructed on account of failure to secure such additional bonus.

3. BONDS—ACTIONS—EVIDENCE—HARMLESS ERROR.
    The admission of evidence on the part of plaintiff that the land was conveyed in consideration of the bond, and for no other consideration, is without prejudice to defendant, since it in no manner varies the terms of the transaction as they appear on the face of the bond.

ON REHEARING.

4. SAME—DAMAGES—INTEREST.
    Although the damages allowed were measured by the amount of the penalty, they must be considered as unliquidated until fixed by the judgment, and hence plaintiff was not entitled to interest either from the date of the breach of the condition, or from the commencement of the action; especially as the land was unimproved and yielding no income.

At Law.   Action by Edward Blewett against the Front-Street Cable Railway Company.   A jury was waived, and the trial was by the court.

*Burke, Shepard & Woods,* for plaintiff.

*J. C. Haines,* for defendant.

HANFORD, District Judge.   This is an action at law to recover damages upon a penal bond containing the following recital and conditions:

"The condition of the foregoing obligation is such that whereas, the said Edward Blewett has granted and conveyed to Jacob Furth, assignee [trustee] of the said Front-Street Cable Railway Company, the following described property, * * * as a part of a bonus given to secure the building of a cable road hereinafter mentioned: Now, therefore, if the North Seattle Cable Railway Company, a corporation organized and existing under the laws of the state of Washington, its successors and assigns, shall, within ten (10) months from the date of these presents, construct, ready for operation, a double-track cable railway of the same gauge as the railway of the said Front-Street Cable Railway Company, and operate cars both ways thereon, from the present terminus of the said Front-Street Cable Railway * * * to a point near the outlet of Lake Union, in the Denny & Hoyt addition to Seattle, then this obligation shall be void; otherwise to be and remain in full force and virtue."

The defendant admits the execution of the bond, and admits the breach of it.   The only controversy is as to the amount of damages recoverable.   Plaintiff alleges in his complaint that the property described in the bond was in fact conveyed to the trustee named by valid deeds

delivered to him, for and in consideration of the giving of said bond, and for no other consideration, and on the trial he was permitted to prove these averments.  The two deeds given are in evidence, having been produced by the grantee, who testified that he received them from the plaintiff.  They appear to have been legally executed and acknowledged by the plaintiff and his wife, and purport to convey the property absolutely and unconditionally.  The plaintiff's evidence on this point was offered in aid of the bond, and is confirmatory, rather than contradictory, of the recital, and was intended to show a gratuitous transfer of the property induced by the giving of the bond, and the value thereof, as a basis for fixing the measure of damages.  The penalty of the bond is $18,000, and that sum is the value of the property conveyed to Mr. Furth by the plaintiff, and he contends that any less sum will not be compensation to him for his actual loss.  The defendant offered to prove that the plaintiff has not sustained a loss by a transfer of property; that, instead of a complete transfer of the title, the deeds were delivered in escrow, with the verbal understanding between the parties that, if the defendant should be unable to secure a sufficient bonus or subsidy in lands or money to justify the construction and operation of the proposed line of railway referred to in said bond, said deeds should be returned to the plaintiff by Mr. Furth, and thereupon said bond should be null and void; that a sufficient bonus or subsidy was not secured, and Mr. Furth has offered to and is now willing to return said deeds, and restore said property unincumbered to the plaintiff.  The allegations of these facts in the defendant's answer were, on motion, stricken out, and the evidence offered on the trial to the same effect was excluded.  The contention on the part of the defendant is that, for the purpose of meeting the plaintiff's claim as to the measure of the damages, and the oral evidence which he was permitted to introduce as to the facts of the transaction, the evidence offered should have been admitted.

The position assumed, that the deeds could, under any circumstances, be shown by evidence to have been delivered to the grantee in escrow, is certainly untenable.  In the conveyance of real property, the last act essential to complete a transfer is delivery of the deed to the grantee.  After an intentional voluntary delivery of the deed, the grantor is completely divested of his title, and his ownership cannot be restored without the execution and delivery of a proper deed of conveyance in the same manner as if he had been theretofore an entire stranger to the title.  A delivery in escrow must be to a stranger or disinterested party, with authority to hold the instrument until performance of some particular condition necessary to entitle the grantee to an absolute delivery.  6 Amer. & Eng. Enc. Law, 858; *Moss* v. *Riddle,* 5 Cranch, 351; *Fairbanks* v. *Metcalf,* 8 Mass. 230; *Cocks* v. *Barker,* 49 N. Y. 110; *Beers* v. *Beers,* 22 Mich. 42; *Johnes* v. *Shaw,* 67 Mo. 667; *McCann* v. *Atherton,* 106 Ill. 32.  Unless the parties intended that the railway should be built or that the property given by plaintiff as a bonus should be paid for, there is no reason apparent for the making of this bond; and, whatever may be the real fact, it is not permissible in a court of law to say that the actual agreement in any

case was to the effect that a failure to perform the conditions of a written contract should give the party in default a right to insist upon a rescission of it, and to immunity from the consequences stipulated in the written instrument. Admission of the oral evidence introduced by the plaintiff, if an error of the court, was not prejudicial to the defendant, since it is not matter different or additional to what appears upon the face of the bond itself, nor at variance with it in any particular. In my opinion, this evidence was wholly unnecessary in the case; but no harm was done by its introduction, and it could not have the effect to open the way for the introduction of rebutting testimony going to the extent of releasing the defendant from the binding force of its obligation. It is an incontestable fact that the plaintiff conveyed $18,000 worth of property to a trustee for the use and benefit of the defendant, to aid in the construction of a certain railway of which the defendant was the promotor, and the railway has not been constructed. What amount of benefit plaintiff might have derived from the completion and operation of the projected railway is a matter of mere conjecture. It seems fair, however, to assume that the amount of his loss by the failure to carry out the project is at least equal to the amount which he was willing to contribute as a subsidy in aid of it, and a rule making the value of property which the defendant has received by the contract the measure of damages for the breach of its conditions is not a harsh one. Findings may be prepared in accordance with this opinion, and a judgment will be awarded in favor of the plaintiff for $18,000, and costs.

### ON REHEARING.
(December 26, 1891.)

HANFORD, District Judge. In his complaint the plaintiff prays for interest on the full amount of the penalty of the bond in suit from the time of the breach of the condition, and his counsel now earnestly contends for an allowance of such interest from the date of the commencement of the action as further damages for the wrongful withholding of the money pending the litigation. But it is my opinion that $18,000 is the limit of the damages which he can recover. There are two reasons for this: *First.* That is the sum fixed by the contract as the utmost liability of the defendant. The amount of the actual liability has not been fixed or agreed to by the parties, and could not be known until it was ascertained and adjudged by the court. Prior to judgment there is no particular sum due, which the defendant can be charged with having wrongfully withheld. *Second.* The value of the property which the plaintiff has parted with is in this case the measure of damages. I have a right to infer from facts in evidence, and because the contrary is not alleged, that the property is unimproved and yielding no income; therefore, by awarding him the full value of the property, with interest from the date of the judgment, ample justice is done to the plaintiff, for he is thereby fully compensated for his actual loss.