HALE v. O'CONNOR COAL & SUPPLY CO., Inc., et al.

(Circuit Court, D. Connecticut. June 15, 1908.)

No. 591.

MONOPOLIES (§ 28*)—COMBINATIONS IN RESTRAINT OF INTERSTATE COMMERCE—
ACTION FOR DAMAGES—SUFFICIENCY OF COMPLAINT.

The complaint, in an action under Sherman Anti-Trust Act July 2, 1890, § 7, c. 647, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), to recover damages for injuries to plaintiff's business caused by an alleged combination and conspiracy between defendants in restraint of interstate trade and commerce and to monopolize such commerce, considered, and held sufficient on demurrer.

[Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 28.*]

Action by Charles R. Hale against the O'Connor Coal & Supply Company, the Hatch & North Coal Company, the Hartford Coal Company, W. C. Mason & Co., Incorporated, the Robert Price Company, the Tunnel Coal Company, William H. Foster, William W. Frayer, and Mary E. Frayer, copartners as Frayer & Foster, Reinhold Hakewessell and Grant U. Kierstead, copartners as the City Coal Company, Albert D. Goldberg, Harris I. Sack, and John Sack, copartners as the North End Coal & Feed Company, George W. W. Newton, and Charles W. Newton, copartners as George W. Newton & Son, Don O'Connor, Albert P. Day, Frederick S. Belden, Holman Goldberg, Isidore E. Goldberg, and William E. Miller. On demurrer to complaint. Overruled.

The following is the substantial part of the complaint:

First Count.

(1) Since the month of October, 1903, the plaintiff has been, and still is, engaged in interstate commerce as a retail coal dealer in said city of Hartford; his business consisting of buying coal mined in states other than the state of Connecticut, causing said coal to be brought to said state of Connecticut, and selling said coal at retail in said city of Hartford.

(2) During the whole of said time the defendants the Hatch & North Coal Company, the Hartford Coal Company, the Tunnel Coal Company, Incorporated, William H. Foster, Mary E. Frayer, Reinhold Hakewessell, Grant U. Kierstead, Abraham D. Goldberg, Harris I. Sack, John Sack, George W. Newton, Charles W. Newton, Holman Goldberg, Isidore E. Goldberg, and William

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

H. Miller, and each of them, have been engaged in the business of buying coal mined in states other than Connecticut, causing said coal to be brought to the state of Connecticut, and selling said coal at retail in said city of Hartford.

(3) Said the Robert Price Coal Company, Incorporated, has been engaged in said business since about the month of April, 1904, said the O'Connor Coal & Supply Company, Incorporated, since October, 1904, said W. C. Mason & Company, Incorporated, since January, 1906, and said William W. Frayer since about the month of January, 1906.

(4) Said William W. Frayer was engaged in said business from October, 1903, until about the month of January, 1906, as agent and manager for said William H. Foster and Mary E. Frayer.

(5) Said Robert Price was engaged in said business from October, 1903, until about the month of April, 1904, and since that time has been, and still is, the president of said the Robert Price Coal Company, Incorporated.

(6) Said Don O'Connor, since October, 1904, has been, and still is, engaged in said business as president of said the O'Connor Coal & Supply Company, Incorporated.

(7) Since October, 1903, said Albert P. Day has been, and still is, engaged in said business as president of said the Hatch & North Coal Company, and said Frederick S. Belden, as president of said the Hartford Coal Company.

(8) At all times since the month of May, 1904, until the date of this complaint, such of the defendants as were engaged in the retail coal business as above set forth have wrongfully, unlawfully, and contrary to the act of Congress in such case made and provided, combined and conspired in restraint of trade and commerce among the several states with the purpose and intent of preventing and restraining the plaintiff from purchasing coal mined in states other than Connecticut, from causing coal to be brought to said state of Connecticut, and from selling coal in said city of Hartford.

(9) In pursuance of said combination and conspiracy, said defendants, personally and through their agents, have endeavored, and still endeavor, to cause wholesale dealers in coal in Connecticut and other states to refuse to sell and deliver coal to said plaintiff. Among said wholesale dealers are the Benedict & Pardee Company, Benedict, Downs & Co., Incorporated, and Williams, Wells & Co., all of New Haven, in the state of Connecticut, Percy Heilner & Son. Madeira, Hill & Co., and Peale, Peacock & Kerr, all of the city and state of New York, Weston, Dodson & Co. of Bethlehem in the state of Pennsylvania, and the Connecticut Coal Company and Frank Miller & Co., both of Bridgeport in the state of Connecticut.

(10) By the said efforts of the defendants many of said wholesale coal dealers were induced to refuse, and did refuse, to sell coal to the plaintiff, including all the wholesale coal dealers above named except said Frank Miller & Co.

(11) By reason of said combination and conspiracy and the acts of the defendants above set forth, the plaintiff has been at various times unable to secure coal to sell to his customers in said Hartford, and has thereby been prevented from making sales to said customers, and has wholly lost the profits which would otherwise have accrued from such sales.

(12) By reason of said combination and conspiracy and the acts of the defendants above set forth, the plaintiff has been at various times delayed in securing coal, and has thereby been prevented from making sales to his said customers and has wholly lost the profits which would otherwise have accrued from such sales.

(13) By reason of said combination and conspiracy and the acts of the defendants above set forth, the plaintiff has been at various times delayed in securing coal, and has by reason of said delay been obliged to pay for said coal a price higher than he would otherwise have paid, to his great loss and damage.

(14) By reason of said combination and conspiracy and the acts of the defendants above set forth, the plaintiff has been put to great expense and has been compelled to spend much time in securing coal to sell to his said customers in said city of Hartford.

(15) In pursuance of said combination and conspiracy, said defendants, personally and through their agents, have circulated in said city of Hartford

false and malicious reports with regard to the financial condition of the plaintiff, with regard to his ability to deliver coal to his said customers, and with regard to the quality of the coal sold by him.

(16) In consequence of the wrongful acts of the defendants above set forth, the plaintiff has lost many of his said customers and much of his trade and business and suffered great injury in his business.

(17) By reason of the said combination and conspiracy and the acts of the defendants above set forth, the rights of the general public in said city of Hartford and elsewhere have been injuriously affected and interstate commerce impeded and prevented.

(18) By reason of the said combination and conspiracy and the wrongful acts of the defendants above set forth, the plaintiff has suffered loss and damage to the amount of $12,000.

### Second Count.

(1) Paragraphs 1, 2, 3, 4, 5, 6, and 7 of the first count are hereby made part of this count.

(2) At all times since the month of May, 1904, such of said defendants as were engaged in the retail coal business as above set forth, wrongfully, unlawfully, and contrary to the act of Congress in such case made and provided, have combined and conspired to monopolize the trade and commerce in said city of Hartford in coal mined in states other than the state of Connecticut.

(3) Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 of the first count are hereby made part of this count.

### Third Count.

(1) Paragraphs 1, 2, 3, 4, 5, 6, and 7 of the first count are hereby made part of this count.

(2) At all times since the month of May, 1904, such of the defendants as were engaged in the retail coal business as above set forth have maintained an organization known as the Hartford Coal Dealers' Exchange for the purpose of establishing and maintaining the prices for coal in said Hartford, and, because the plaintiff would not maintain the prices of coal charged by him to his customers in accordance with the scale of prices established as aforesaid, said defendants wrongfully, unlawfully, and contrary to the act of Congress in such case made and provided, combined and conspired in restraint of trade and commerce among the several states with the purpose and intent of preventing and restraining the plaintiff from purchasing coal mined in states other than Connecticut, from causing coal to be brought to said state of Connecticut, and from selling coal in said city of Hartford.

(3) Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 of the first count are hereby made part of this count.

The plaintiff claims $36,000 damages by force of the act of Congress in such case made and provided, the same being threefold the damage by him sustained, together with the costs of suit and a reasonable attorney's fee.

## Defendants filed the following demurrer:

(1) It does not appear in the first count of the complaint that the plaintiff at any of the times referred to in said first count was or is engaged in interstate commerce.

(2) It does appear from the first count of the complaint that a large part of the plaintiff's business consisted in the sale of coal at retail in the city of Hartford and the purchase of coal from the wholesale dealers in the state of Connecticut; and it does not appear that the plaintiff's transactions with wholesale dealers in other states, if any, constituted any substantial or material portion of the plaintiff's business.

(3) It is not alleged in said first count that the plaintiff ever had any dealings with wholesale dealers in states other than the state of Connecticut.

(4) It does not appear from said first count what was the character of the plaintiff's transactions with dealers in other states, if any; so that it can be determined whether said transactions were or were not operations in interstate commerce so far as the plaintiff is concerned.

(5) It does not appear from said first count that the combination and conspiracy therein alleged was a combination and conspiracy in restraint of trade and commerce among the several states or with foreign nations.

(6) The above-named defendants demur to paragraph 9 of the first count of the complaint because it does not appear that the acts of the defendants therein alleged were in pursuance of a combination and conspiracy in restraint of interstate commerce.

(7) Defendants demur to paragraph 10 of the first count of the complaint because it is not alleged and does not appear from the complaint that the alleged refusal of said wholesale coal dealers to sell coal to the plaintiff was the result or consequence of a combination and conspiracy in restraint of interstate commerce on the part of the above-named defendants.

(8) The above-named defendants demur to paragraph 11 of the first count of the complaint because it is not alleged therein and does not appear from the complaint that plaintiff's alleged inability to secure coal to sell to his customers in Hartford was the result or consequence of a combination and conspiracy in restraint of interstate commerce on the part of the above-named defendants.

(9) The above-named defendants demur to paragraphs 12 and 13, and each of them, because it is not alleged therein and does not appear from the complaint that the alleged delay in securing coal was the result or consequence of a combination and conspiracy in restraint of interstate commerce on the part of the above-named defendants.

(10) Paragraph 14 of the first count of the complaint is demurred to because it is not alleged therein and does not appear from the complaint that the alleged expense and expenditure of time were the result or consequence of a combination and conspiracy in restraint of interstate commerce on the part of the above-named defendants.

(11) Paragraph 15 of the first count of the complaint is demurred to because it does not appear from the complaint that the alleged false and malicious reports were made in pursuance of a combination and conspiracy in restraint of interstate commerce on the part of the above-named defendants.

(12) Paragraph 16 of the first count of the complaint is demurred to because it does not appear from the complaint that plaintiff's alleged loss of trade and injury were the result or consequence of a combination and conspiracy in restraint of interstate commerce on the part of the above-named defendants.

(13) Paragraph 17 of the first count of the complaint is demurred to because it is not alleged therein and does not appear from the complaint how the rights of the general public in said city of Hartford have been injuriously affected, or how and in what measure interstate commerce has been impeded and prevented.

(14) Paragraph 18 of the first count of the complaint is demurred to because it does not appear from the complaint that the plaintiff's alleged loss and damage is the result or consequence of a combination and conspiracy in restraint of interstate commerce on the part of the above-named defendants.

### Demurrer to Second Count.

(1) All the paragraphs of the demurrer to the first count are hereby made part of the demurrer to the second count.

(2) The above-named defendants demur to the second count of the complaint because it appears therefrom that the alleged combination and conspiracy to monopolize trade and commerce is a conspiracy to monopolize trade and commerce in the city of Hartford, and is not a conspiracy to monopolize any part of the trade or commerce among the several states or with foreign nations.

### Demurrer to Third Count.

(1) All the paragraphs of the demurrer to the first count are hereby made part of the demurrer to this count.

(2) The above-named defendants demur to the third count of the complaint because it does not appear therefrom that the combination and conspiracy alleged therein was or is a combination and conspiracy in restraint of trade and commerce among the several states.

J. H. Peck and R. M. Grant, for plaintiff.

J. Gilbert Calhoun, Hyde, Joslyn, Gilman & Hungerford, Robinson & Robinson, Bill & Tuttle, and John J. Dwyer, for defendants.

PLATT, District Judge. Starting with the decision of the Circuit Court of Appeals for the Sixth Circuit in City of Atlanta v. Chattanooga Foundry & Pipeworks, 127 Fed. 23, 61 C. C. A. 387, 64 L. R. A. 721, as the foundation, this complaint has been examined at leisure and with due care. If any doubt could have been entertained after reading the words of the distinguished writer in that case, it has, to my mind, been dissipated by the later expressions delivered by the higher federal courts.

As things now stand, it would be flying in the face of the higher powers, with a vengeance, to accept as valid any of the criticisms launched against the complaint. If the facts therein alleged can be sustained by proof, a case will be presented which will invoke the aid of a federal, rather than a state, court. The situation is so absolutely one-sided as to satisfy me that no good purpose would be subserved by an extended discussion and citation of authorities.

Let the demurrers, one and all, be overruled.