FROHLICH *v.* DEACON.

ACTIONS—SURVIVAL—ESTATES OF DECEDENTS — FRAUD—UNLAWFUL
CONSPIRACY—ABATEMENT AND REVIVAL.

By an equally divided court it is determined, on demurrer
to a declaration of executors of a decedent's estate, that
no right of action survived where the defendants con-
spired together to restrict commerce and trade and thereby
injured and destroyed the manufacturing business of the
deceased; that the action was not for fraud and deceit
so as to survive under 3 Comp. Laws, §§ 10421, 10422, or
§ 10117 (5 How. Stat. [2d Ed.] §§ 13954, 13955).

McALVAY, C. J., and KUHN, BIRD, and MOORE, JJ., dissenting.

Error to Wayne; Hosmer, J.   Submitted June 16,
1913. (Docket No. 2.)   Decided July 24, 1914.

Case by Edward Frohlich, executor, and Hannah
Frohlich, executrix, against John F. Deacon and
others for conspiracy and unlawful combination and
restraint of trade.   An order sustaining a demurrer
to the declaration is reviewed by the plaintiffs on writ
of error.   Affirmed.

*Lucking, Emmons & Helfman,* for appellants.

*James O. Murfin,* for appellee Miller Lumber Co.

*Geer, Williams, Martin & Butler,* for appellee City
Lumber Co.

BROOKE, J.   The opinion of Chief Justice McALVAY
proceeds upon the assumption, which I think is war-
ranted in law, that the cause of action set up in plain-
tiffs' declaration does not survive at common law,
nor under section 10117, 3 Comp. Laws (5 How. Stat.
[2d Ed.] § 12761).   He holds, however, that said
cause of action does survive under sections 10421,
10422, 3 Comp. Laws (5 How. Stat. [2d Ed.]

§§ 13954, 13955). Under those sections it is apparent that only those causes of action survive where the injured party in his lifetime might have brought "an action on the case for fraud or deceit." The question, therefore, arises: Are the alleged illegal acts ascribed to defendants such acts as would have sustained an action on the case for fraud or deceit brought by plaintiffs' testator in his lifetime? Upon this point, Mr. Justice McAlvay says:

"The conduct charged in the declaration by plaintiffs against defendants may, without misnomer, be labeled fraudulent. It may further be said that this declaration was intended to state a cause of action for deceit brought about by fraud."

With this conclusion I find myself unable to agree. The essential elements of actionable fraud are said to be:

(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

20 Cyc. p. 13.

In *Parker* v. *Armstrong,* 55 Mich. 176 (20 N. W. 892), it is said:

"The cause of action being the successful use of false pretenses to get plaintiff to pay for the notes passed off on him, the declaration must, in order to support such a judgment as was rendered, show— *first,* what pretenses were made; *second,* that they were made by the defendants in person, or by authority and design; *third,* that they were material; *fourth,* that they were false and fraudulent, and deceived complainant; and, *fifth,* what defendants obtained by them."

The term "fraud and deceit" implies deception by means of fraudulent representations or otherwise, resulting in injury. While the adjective "fraudulent" is frequently used in the declaration to characterize the acts alleged to have been committed by the defendants, the use of that term alone is not sufficient to fix the quality of the acts, or to give them a legal significance which they do not intrinsically possess. It is nowhere averred in the declaration that the illegal acts alleged to have been committed by defendants misled or deceived plaintiffs' testator, nor that in consequence of those acts, being so misled, he acted to his injury. The acts described were illegal and oppressive. They were not deceptive nor fraudulent. The commission of those acts by the defendants gave to plaintiffs' testator in his lifetime a right of action on the case under the statute or at common law; but such an action cannot by any stretch of the imagination be considered one for fraud and deceit.

Without further considering the other objections raised by the demurrer to plaintiffs' declaration, I am of opinion that the foregoing conclusion is inevitable, and therefore fatal to plaintiffs' right to recover.

The order sustaining defendants' demurrer should be affirmed.

STONE, OSTRANDER, and STEERE, JJ., concurred with BROOKE, J.

MCALVAY, C. J. In this case the trial court sustained the demurrers of defendants to an amended declaration. Plaintiffs have brought the case to this court for review upon a writ of error asking for a reversal of the judgment entered upon the order sustaining such demurrers.

The facts in the case set forth in the amended declaration, which if well pleaded are admitted by the demurrers, are as follows:

Plaintiffs are executor and executrix of Simon Frohlich, deceased. The declaration, in three separate counts, charges a fraudulent conspiracy at common law on the part of defendants to ruin and destroy the credit, reputation, and business of the plaintiffs' testator, and also a violation of the anti-trust laws of this State.

Simon Frohlich, prior to January 1, 1906, owned and operated a factory in the city of Detroit. He was engaged in the manufacture and sale of sash, doors, and other building material. At this time he enlarged his business to include buying, manufacturing, wholesaling, retailing, and jobbing lumber and building materials, under the name and style of Frohlich Glass Company, investing in such enterprise a cash capital of $70,000. In two years he doubled the number of his employees and built up a business of $12,000 sales per month. He had prospects of continued expansion and success.

Defendants were competitors of Simon Frohlich and engaged in the lumber business, doing more than 90 per cent. of the wholesale, retail, and jobbing business in lumber in Detroit, and comprising about 75 per cent. of the lumber dealers. They fraudulently and unlawfully entered into a conspiracy and combination on or about June 1, 1907, actionable at the common law, and for the purpose of creating and carrying out restrictions in trade and commerce, contrary to the laws of Michigan, and for the purpose of destroying the credit, reputation, and business of Simon Frohlich.

By this combination and fraudulent conspiracy and their subsequent illegal acts in carrying out the same, defendants succeeded in ruining the lumber business of Simon Frohlich, and forcing him to sell practically all its tangible assets to one of them at an inadequate price of $20,000 less than its value, and in driving him out of this business.

Eighteen individuals, firms, and corporations are joined as defendants in this suit. Of these, 15 have demurred, and the grounds of these demurrers presented and relied upon in their briefs are as follows:

"(1) The declaration is not sufficiently specific, and does not set forth a cause of action.

"(2) Such action does not survive the death of Simon Frohlich.

"(3) Simon Frohlich was estopped by reason of the sale of the tangible assets of his business."

The second ground of demurrer relied upon by defendants raises in our opinion the most important question in the case. It requires the construction of the statute under which the action is brought in assumpsit, and upon which plaintiffs rely. The exact question is for the first time before this court. This is Act No. 195 of the Public Acts of 1897, entitled:

"An act to provide for bringing actions of assumpsit in certain cases, and to provide that in such cases the cause of action shall survive."

The entire act reads:

"SEC. 1. In all cases where, by the fraudulent representations or conduct of any person, an injury has been or shall be produced, either to the person, property or rights of another, for which an action on the case for fraud or deceit may by law be brought, an action of assumpsit may be brought to recover damages for such injury, and in all such cases a promise shall be implied by law to pay all just damages arising from such fraud or deceit and may be so declared.

"SEC. 2. The causes of action specified in section one of this act shall, upon the death of the person injured, survive to his personal representatives."

Sections 10421 and 10422, 3 Comp. Laws (5 How. Stat. [2d Ed.] §§ 13954, 13955).

The act in question, as its title indicates, is to provide that certain actions sounding in tort may be brought in assumpsit, and also to provide that in all cases where this may be done the causes of action

shall survive. This presupposes the fact that before the enactment of this statute such actions could not have been brought in assumpsit, nor would the causes of action have survived. It will therefore be necessary, first, to determine the class of actions which may be brought under this statute in assumpsit, from which it will logically follow that all such causes of action will survive.

In this State provision is made for the survival of actions, as follows:

"In addition to the actions which survive by the common law, the following shall also survive: that is to say: actions of replevin, and trover, actions of assault and battery, false imprisonment, for goods taken and carried away, *for negligent injury to persons,* for damages done to real or personal estate, *and actions to recover real estate where persons have been induced to part with the same through fraudulent representations and deceit."* Section 10117, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12761).

To this is added, by the act under consideration, the provisions as quoted in sections 10421, 10422, *supra.*

All such actions specifically mentioned survive by force of these statutes, whether or not they were assignable at the common law. Rights of action which survive are also assignable. *Stebbins* v. *Dean,* 82 Mich. 385-388 (46 N. W. 778).

Section 10117, *supra,* was adopted by this State verbatim (except the portions italicized) from the State of Massachusetts. In construing this statute, this court, in *Stebbins* v. *Dean, supra,* in an opinion written by Mr. Justice GRANT, adopted and followed the construction placed upon it by the Massachusetts courts, holding that the statute "was intended to include only those cases where injury is occasioned to property by the direct wrongful act of a party upon the property," citing *Cummings* v. *Bird,* 115 Mass. 346. Wisconsin, following Michigan, adopted the same statute, and in a line of decisions has given to

it a like construction. The same is true of the courts of several of the States.

Upon the construction of this statute, where similar phraseology is used, there appears to be no disagreement among the better authorities.

The contention of the demurring defendants is that by the words of this new act under consideration no change has been made in this respect, and that the rule laid down in the case of *Stebbins* v. *Dean, supra,* controls in this case. They insist that the cause of action plaintiffs declare upon essentially sounds in tort, and is based upon an alleged conspiracy entered into by defendants to create and carry out a trust and monopoly, a restriction in trade and commerce in lumber and building material to injure plaintiffs' testator and drive him out of business, in violation of the common law, and of the Michigan anti-trust act, so called, as a result of which conspiracy plaintiffs' testator suffered damage to his business in his lifetime, and that under all the authorities such causes of action do not survive.

The dispute upon this question, then, is narrowed to a single proposition, and that is whether Act No. 195, Pub. Acts 1897, *supra,* by its express provisions, has made a change in the law by adding to the list of causes of action which survive.

This statute includes all cases arising from injuries produced by the false representations or conduct of any person for which an action on the case for fraud or deceit might be brought at law, and gives the person injured a right to bring an action in assumpsit for such injuries. The nature of the injuries are specified as injuries "either to the person, property or rights of another."

Dealing with the instant concrete case, we must determine whether, upon the facts stated in the declaration, plaintiffs' testator could have brought an action on the case at law for fraud or deceit against

defendants to recover damages for the injury received.

The conduct charged in the declaration by plaintiffs against defendants may, without misnomer, be labeled fraudulent. It may further be said that this declaration was intended to state a cause of action for deceit brought about by fraud. In a similar case the action has been so recognized by the Supreme Court of Wisconsin in *Murray* v. *Buell,* 76 Wis. 657 (45 N. W. 667, 20 Am. St. Rep. 92). This was an action for conspiracy to monopolize the coal business in Milwaukee to the injury of plaintiff's business, referring to which in a later case, *Lane* v. *Frawley,* 102 Wis. 373 (78 N. W. 593), that court said:

"That action is in all respects analogous to the action of deceit, resulting in loss and damage."

And of the case then under consideration it said:

"This, then, being a tort action for deceit to recover general damages caused by the fraud, and not to recover back specific property obtained by fraud, it is vigorously debated whether or not it survives."

In both these Wisconsin cases, *supra,* it was held that the actions did not survive by reason of the Wisconsin statutes which have at no time contained language indicative of the intention that they should survive.

The instant case is a tort action for deceit to recover general damages to the business of plaintiffs' testator caused by fraud during his lifetime, and not to recover damages for injuries to specific tangible property. If a recovery can be had, it will be because this court holds that the right of action survived under the statute in question.

This statute makes provision for a right of action in assumpsit for injuries done "either to the person, property or rights of another." By the addition of the words "or rights of another," it must be held that the clear intent of the legislature was to add to the

actions which survived in this State another class of actions which were not theretofore included, namely: all actions for damages for injuries caused by the fraudulent representations or conduct of any person to the "rights of another."

The damages for which the instant suit has been brought are included in that class, and, as already stated, are damages, not to the specific property of plaintiffs' testator, but to his business. Such injury to his business was an injury to his rights.

The statute of the State of New York provides for the survival of actions for "wrongs done to the property, rights or interests of another." This language has been frequently before the court of last resort of that State for construction. In *Cregin* v. *Railroad Co.*, 75 N. Y. 192 (31 Am. Rep. 459), Mr. Justice Rapallo, speaking for the court said:

"The rights and interests, for tortious injuries to which this statute preserves the right of action, have frequently been considered, and it is generally conceded that they must be pecuniary rights or interests, by injuries to which the estate of the deceased is diminished. * * * Where an injury to pecuniary interests is shown, the intent of the statute seems plain that the cause of action shall survive, notwithstanding that such injury be caused by a tort, provided it be not one of the torts specifically mentioned and excepted."

That this New York statute declaring that causes of action for injuries to "property, rights and interests shall survive" is much broader than the statutes of Wisconsin, Massachusetts, and the former statute of Michigan is apparent, and is recognized and admitted by defendants in one of their briefs. It is also recognized by the Supreme Court of Wisconsin in *John V. Farwell Co.* v. *Wolf*, 96 Wis. 10-18 (70 N. W. 289, 290, 37 L. R. A. 138, 65 Am. St. Rep. 22), where the court said:

"The New York statute provides that 'actions for all wrongs done to property, rights or interests of another shall survive.' It is held that this language is so broad and comprehensive as to cover all injuries to rights of property, and is not confined to injuries, * * * as such—that it includes actions for damages for conspiracies to defraud and damages for deceit. *Bond* v. *Smith,* 4 Hun, 48; *Haight* v. *Hayt,* 19 N. Y. 464; *Lyon* v. *Park,* 111 N. Y. 350 [18 N. E. 863]; *Brackett* v. *Griswold,* 103 N. Y. 425 [9 N. E. 438]. These cases turn entirely on the meaning of the significant words 'property, rights and interests.' "

In our statute under construction the words "or rights of another" are of much broader significance than any of the language used in section 10117, 3 Comp. Laws, quoted *supra,* and are as comprehensive as the words quoted from the New York statute; and section 2 of the act provides that:

"The causes of action specified in section one of this act shall, upon the death of the person injured, survive."

Both upon reason and authority the conclusion cannot be avoided that the instant case is within the provisions of section 1 of this act, and that the cause of action by virtue of section 2 survived.

This same question was before the supreme court of the State of Wisconsin in *Lane* v. *Frawley, supra,* and upon the statute which contained words identical with those in the New York statute and those in the act of this State under consideration.

The contention was that the words were entitled to the same construction as given to them by the courts of the State of New York, and therefore the action in the case under consideration should be held to have survived. The section in the Wisconsin statute containing these words contained no words of survival as did the New York statute, and also our Act No. 195 under consideration. The court held the section was not intended to provide for the survival

of any action, but merely to regulate the proceedings in such actions as otherwise survived.

An examination of that opinion makes it clear that, had the section contained specific words of survival, the court would have held that the cause of action survived. Our legislature has declared that such causes of action shall survive in words so clear that the intent cannot be mistaken.

The remaining grounds for demurrer do not require extended consideration. An examination of the amended declaration satisfies us that the pleader has stated a good cause of action both at the common law and under the Michigan anti-trust laws. The document is necessarily of great length, and must be considered as a whole. To make it more specific would, in our opinion, require that the evidence be pleaded. Similar declarations in actions in case for damages for wrongful acts in interrupting and destroying plaintiff's business and injuring the reputation of his business which contained no more specific allegations than are set forth in the declaration under consideration have been held by this court to state a cause of action. *Olliver* v. *Perkins,* 92 Mich. 304-315 (52 N. W. 609); *Church* v. *Anti-Kalsomine Co.,* 118 Mich. 219 (76 N. W. 383).

The Federal courts have sustained similar declarations in cases brought under the Sherman anti-trust law (Act July 2, 1890, chap. 647, 26 U. S. Stat. 209 [U. S. Comp. Stat. 1901, p. 3200]). *Wheeler-Stengel Co.* v. *Window Glass Ass'n,* 152 Fed. 864, 81 C. C. A. 658 (10 L. R. A. [N. S.]) 972; *Monarch Tobacco Works* v. *Tobacco Co.* (C. C.), 165 Fed. 774-779; *People's Tobacco Co.* v. *Tobacco Co.,* 170 Fed. 396, 95 C. C. A. 566; *Hale* v. *Supply Co.* (C. C.), 181 Fed. 267.

The remaining ground for demurrer relied upon is that plaintiffs' testator was estopped from bringing this action by reason of having sold his business prior to his death. The declaration shows that, after

Simon Frohlich's business was ruined, the unlawful acts of defendants as charged and his factory ceased operations, he was forced to and did sell all the tangible personal property used by him in connection with his business to one of the defendants at a price $20,000 less than its value. This sale carried with it no rights of action or other intangible property or interests. If he had a cause of action against defendants, this sale in no way disposed of it. This ground for demurrer is therefore not meritorious. Our conclusion is that the demurrers should have been overruled.

The judgment of the circuit court should be reversed and set aside, with permission to the demurring defendants, after notice of this decision, to plead to the declaration within the usual time allowed by rule.

KUHN, BIRD, and MOORE, JJ., concurred with McALVAY, C. J.