## McMILLAN v. GENTRY.

No. 14511—Opinion Filed Dec. 18, 1923.

(Syllabus.)

1. **Appeal and Error—Review of Equity Case—Rights of Relatives as to Place of Burial.**

A controversy between a husband and the next of kin as to the place of burial or the removal of burial place of a deceased wife is a matter of equitable cognizance, and the findings of the trial court as to the facts will not be disturbed on appeal unless clearly against the weight of the evidence.

2. **Dead Bodies—Right of Husband to Change Place of Burial of Wife.**

Where the husband has consented to the burial of his wife on a lot belonging to the mother of the deceased, but where such consent was not freely given nor with the intention or understanding that the place of burial should be permanent, a court of equity will not restrain him from removing her body to a suitable place of burial provided by him in a suit brought for that purpose by the mother of the deceased, as the right of the control of the burial place of the deceased wife is vested in the husband by our statute. and he is entitled to control the place of burial unless this right has been waived by him.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Belle H. McMillan against Wyley Gentry. Judgment for defendant, and plaintiff brings error. Affirmed.

J. E. Layden, for plaintiff in error.

Harris & Lackey, for defendant in error.

COCHRAN, J. This action was commenced by the plaintiff in error against the defendant in error to enjoin the defendant in error from removing the dead body of Alice McMillan Gentry from its burial place in the Hartshorne cemetery for the purpose of reinterment on a lot belonging to the defendant in error. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff was the mother and the defendant was the husband of Alice McMillan Gentry. and the deceased had been buried on a lot belonging to the plaintiff. A short time after the burial of the deceased, the defendant purchased a lot in the Hartshorne cemetery and was about to remove the body from its burial place on the lot belonging to the plaintiff and have it buried on his own lot, whereupon this suit was filed and a temporary restraining order granted. The case was later tried on its merits, and judgment was rendered for the defendant, from which the plaintiff has appealed.

It is the contention of the plaintiff that this body was buried on her lot with the consent of the husband of the deceased and that said husband has waived his right to select the burial place of his wife. It is further contended that the deceased during her lifetime indicated that she preferred to be buried on her mother's lot, adjoining her father's grave, and, having expressed this desire, the court should effectuate such desire.

In Weld v. Walker, 130 Mass. 422, 39 Am. Rep. 465, the court said:

"Neither the husband nor the next of kin have, strictly speaking, any right of property in a dead body; but controversies between them as to the place of its burial are in this country, where there are no ecclesiastical courts, within the jurisdiction of a court of equity."

An examination of the record in the instant case discloses that the facts are conflicting as to the two questions raised by the plaintiff, to wit: Whether the husband consented to the permanent burial of his wife on his mother-in-law's lot and whether the deceased had made a selection of a place of interment during her lifetime. Since this case is to be determined according to the equity rule, we have examined and weighed the evidence, and it is our opinion that the findings of the trial court are not clearly against the weight of the evidence. For the purposes of determining the law applicable to the case, we must proceed on the theory that the husband consented to the burial of his wife on the lot belonging to the mother of the deceased, but not freely

nor with the intention that the same should be a permanent burial place, but with the intention that the same should only be a temporary resting place for the body until he had arranged for a permanent burial place, and, further, that the deceased had not made a selection of her burial place during her lifetime. In Weld v. Walker, supra, a very similar state of facts was presented, and the court in the syllabus stated as follows:

"If a husband consented to the burial of his wife in a lot owned by another, but not freely. nor with the intention or understanding that it should be permanent, a court of equity may permit him to remove her body, and the coffin and tombstones furnished by him, to his own land, and may restrain interference with such removal."

In Hackett v. Hackett. 18 R. I. 155, 49 Am. St. Rep. 762, the court in the syllabus stated:

"A widow, and not the next of kin, has the right to control the burial of her deceased husband, dependent, however, upon the peculiar circumstances of the case. or the waiver of such right by consent or otherwise. If her right has not been waived. she may remove the body, after interment, to another place of sepulture."

By express provision of our statutes, the surviving husband has the control of the burial place of his wife. Section 1876, Comp. Stat. 1921, provides:

"The duty of burying the body of a deceased person devolves upon the persons hereinafter specified: First. If the deceased were a married woman, the duty of burial devolves upon her husband. * * * "

Section 1878, Comp. Stat. 1921, provides:

"The person charged by law with the duty of burying the body of a deceased person is entitled to the custody of such body for the purpose of burying it, except that in the cases in which an inquest is required by law to be held upon a dead body, the officer holding the inquest is entitled to its custody until such inquest has been completed."

It is our opinion that the right to control the burial of his deceased wife or to remove her body from a temporary burial place was in the husband under the foregoing statutes, unless this right was waived by the husband, and it is also our opinion that the consent of the husband to the temporary burial of his wife on Mrs. McMillan's lot was not a waiver of his statutory rights, and the facts in this case disclose that the husband did not act freely nor with the intention or understanding that the burial should be permanent, but with the understanding that it was only temporary.

In these circumstances, we are of the opinion that the judgment of the trial court should be affirmed. and it is so ordered.

JOHNSON, C. J., and McNEILL, NICHOLSON. and MASON, JJ., concur.