NATHANIEL WELD *vs.* GIDEON WALKER & others.

Suffolk. Nov. 19, 1880. — Feb. 23, 1881. LORD, SOULE & FIELD, JJ., absent.

If a final decree of a single justice of this court, sitting in equity, is appealed from by the defendant, without a report of the evidence upon which the decree was made, the only question upon the appeal is whether the decree is warranted by the frame of the bill.

If a husband has not freely consented to the burial of his wife in a lot of land owned by another person, with the intention or understanding that it should be her final resting-place, a court of equity may permit him, after such burial, to remove her body, coffin and tombstones to his own land, and restrain that person from interfering with such removal.

BILL IN EQUITY, filed October 23, 1878, against Gideon Walker, George Ivers and the Forest Hills Cemetery, a corporation duly established by law, to obtain the permission of this court to the removal by the plaintiff of the body of his wife, with the coffin containing it, and the stones and monuments placed by him at her grave, from a lot in the cemetery of the defendant corporation owned by the other defendants, where she was buried on August 29, 1875, to a lot owned by the plaintiff in another cemetery; and to restrain the defendants from preventing or interfering with such removal. The material allegations of the bill are stated in the opinion. The case was heard on the bill, answer, replication and proofs by *Morton*, J., who ordered a decree to be entered in conformity with the prayer of the bill. Walker appealed to the full court.

*R. I. Burbank & R. Lund*, for the plaintiff.

*I. T. Drew*, for Walker.

*W. Gaston & C. L. B. Whitney*, for the corporation.

GRAY, C. J. The rules of law applicable to this case are too well settled to require or permit elaborate discussion. Neither the husband nor the next of kin have, strictly speaking, any right of property in a dead body; but controversies between them as to the place of its burial are in this country, where there are no ecclesiastical courts, within the jurisdiction of a court of equity. 2 Bl. Com. 429. *Meagher* v. *Driscoll*, 99 Mass. 281. *In re Beekman Street*, 4 Bradf. 503, 532. *Pierce* v. *Swan Point Cemetery*, 10 R. I. 227. It is the husband's right and duty to bury his deceased wife. *Durell* v. *Hayward*, 9 Gray, 248. *Lakin* v. *Ames*, 10 Cush. 198, 221. *Cunningham* v. *Reardon*, 98 Mass. 538. When a body has once been buried, no one has the right to remove it without the consent of the owner of the grave, or leave of the proper ecclesiastical, municipal or judicial authority. *Regina* v. *Sharpe*, Dearsly & Bell, 160, 163; *S. C.* 7 Cox C. C. 214, 216. *Wynkoop* v. *Wynkoop*, 42 Penn. St. 293. *Pierce* v. *Swan Point Cemetery*, above cited.

The present case was heard before a justice of this court on bill, answer, replication and proofs; no objection was made to the form of the bill, by demurrer or otherwise; and the evidence taken at the hearing has not been reported. The only question before us on the appeal therefore is, whether the decree for the plaintiff is warranted by the frame of the bill. *O'Hare* v. *Downing*, ante, 16.

The husband in his bill alleges, in substance, that two days after the death of his wife he consented to her burial, in a coffin and grave-clothes procured by himself, in a lot in the cemetery of the defendant corporation, owned by the husbands of two sisters of his wife; that he consented to such burial while in great distress of mind, and worn out by taking care of his wife during her last illness, and yielding to continued importunities of the sisters and of the husband of one of them, much against his own wishes and feelings, "fearing that they would make trouble for him if he did not consent," and "which he should not have done had his mind been in condition to realize the situation;" that he has no right or authority to take care of or adorn her grave in that lot, or to bury other of his or her family or friends there, or to be buried himself by her side; that he owns jointly with his co-heirs a lot in the Mount Hope

Cemetery, in which lot his father and mother are buried, and in which he wishes that his late wife, and himself at his death, may be laid; that he desires to remove to this lot her remains, with the coffin containing them and the stones and monuments placed by him at her grave, and has obtained a permit in due form from the proper board of health for that purpose; that he has requested of the defendants permission to do so in a careful and proper manner, doing no damage to the lot in which she is now deposited, and leaving that lot in good condition; and that they have refused such permission.

Upon these allegations, if supported by evidence, (which on this record we are bound to presume,) we are all of opinion that it was within the authority of the justice before whom the hearing was had to decide that the plaintiff never freely consented to the burial of his wife in the lot of her brothers-in-law, with the intention or understanding that it should be her final resting-place; and that a case was made out on which a court of chancery, in the exercise of its undoubted jurisdiction, might order the defendants to permit him to remove her body, coffin and tombstones to the lot owned by himself and his kindred.

*Decree affirmed.*