### PHILIP H. PETERS

*v.*

### MARY A. PETERS et al.

A husband, with the full approval of his wife, was buried by his father in the latter's cemetery lot.—*Held,* that the wife should be enjoined from removing his remains.

---

*Mr. G. A. Vroom* and *Mr. F. C. Lowthorp,* for complainant.

*Mr. John W. Wartman,* for defendant.

BIRD, V. C.

The husband of the defendant, Mrs. Peters, died and she was unable to bury him, he leaving no estate and she being almost penniless. She was anxious that his body should be made secure against grave robbers, because she suspected that physicians might desire and strive to have a *post mortem* examination, since there had been not a little dispute as to the disease which caused his death. This condition of mind led her to advise with his father, the complainant, which first resulted in the

Peters v. Peters.

conclusion to place the body in a vault, and secondly, when the undertaker suggested that it would not be very secure there, to the conclusion that it should be buried in the grave plot of the complainant, where it should· be carefully guarded by brick side walls and a stone slab covering. The defendant and complainant (the widow and the father) fully assented to this. The father, with the approbation of the widow, took charge of the body and buried it, according to the previous understanding, in his own plot.

The defendant has since declared that she intended to remove the body to another place of sepulture, and has made preparations to that end. The complainant asks that she be enjoined from this. The complainant has the law on his side. The defendant having given her full and free assent to what was done, and the father, being one so near of kin, having thus committed his son to a last resting-place, as was then clearly understood, every consideration demands that he should be protected in the peaceful enjoyment of the right which he now asserts. I think all of the authorities go this far. For an elaborate and interesting discussion of the question see *Pierce* v. *Swan Point Cemetery, 10 R. I. 227, 19 Am. Rep. 79 ; Snyder* v. *Snyder, 60 How. Pr. 368 ; In matter of Beekman St., 4 Bradf. 503, 532 ; Wynkoop*

NOTE.—As to a husband's power over the corpse of his wife, and right to sue for injuries thereto, see *4 Alb. L. J. 56; 6 Am. Law Rev. 182; Bogert* v. *Indianapolis, 30 Ind. 134, 138;* and his duty to bury his wife, and liability for the expense thereof, *Wilson* v. *Staats, 6 Stew. Eq. 526, note ; Willis* v. *Jones, 57 Md. 362; Darmody's Estate, 6 W. N. C. (Pa.) 487; Sullivan* v. *Homer, 14 Stew. Eq. 303;* unless the wife has provided therefor out of her own estate by her will, *Willeter* v. *Dobie, 2 K. & J. 647; Jackson* v. *Westerfield, 61 How. Pr. 399.*

v. *Wynkoop, 42 Pa. St. 293 ; Griffith* v. *Charlotte R. R. Co., 24 Am. Law Reg. (N. S.) 586, notes ; 19 Am. Law Rev. 262 ; Moak's Notes, In re St.-George-in-the-East, 18 Eng. Rep. 427.*

The case of *Weld* v. *Walker, 130 Mass. 422,* is not in conflict with the cases above cited.

The defendant attempted to show that she first obtained the consent of the complainant, but this is not established.

The complainant is entitled to a decree that the defendant be perpetually enjoined from removing the said body, with costs as against Mrs. Peters, but without costs as to the other defendants.

