KEYES *v.* KONKEL.

REPLEVIN—HUMAN CORPSE.
  A human corpse is not the "property" of the next of kin in such a sense as will authorize him to maintain replevin against undertakers refusing to surrender it.[1]

Error to Saginaw; Wilber, J. Submitted January 6, 1899. Decided March 23, 1899.

Replevin by John Keyes against Xavier B. Konkel and another. From a judgment for plaintiff, defendants bring error. Reversed.

*James H. Davitt,* for appellants.

*Harris & Kendrick,* for appellee.

MONTGOMERY, J. This is an action of replevin to recover the dead body of plaintiff's brother. The deceased died at a hospital, and defendants, who are undertakers, took charge of the corpse by request of the hospital authorities. The plaintiff, after the defendants had performed some services in fitting the body for burial, demanded possession of the body, and defendants refused to deliver the body up unless paid for their services. Thereupon plaintiff instituted this suit.

The question presented is whether replevin will lie in this State for a human corpse. The question is happily more novel than difficult. The statute (section 6856, 2 How. Stat.) provides for the proceeding of replevin in justice's court, and requires an affidavit by the plaintiff setting forth that his "personal goods and chattels" have been unlawfully taken or are unlawfully detained. The

---

[1] On the subject of rights and duties in regard to burial of the dead, there is a note to *Larson* v. *Chase,* ( Minn. ) 14 L. R. A. 85.

replevin statutes ( 2 How. Stat. §§ 8346, 8347 ) provide for a judgment for defendant, when the plaintiff fails in his case, for a return of the property or for its value.   It is apparent that no return of the property can be ordered in case of the replevin of a dead body, and it is equally true that its value in money can neither be appraised nor ascertained by a jury.   It was formerly held in England that there could be no property in a human body.   *Williams* v. *Williams*, 20 Ch. Div. 659, also reported in 21 Am. Law Reg. 508; *Guthrie* v. *Weaver*, 1 Mo. App. 141; *Meagher* v. *Driscoll*, 99 Mass. 284 ( 96 Am. Dec. 759); *Pierce* v. *Proprietors of Cemetery*, 10 R. I. 227 ( 14 Am. Rep. 667); *Weld* v. *Walker*, 130 Mass. 422 ( 39 Am. Rep. 465).   In certain modern American cases, a dead body has been said to be a *quasi* property, and the right to control and bury it, and to recover against one who mutilates the corpse, has been maintained.   *Pierce* v. *Proprietors of Cemetery, supra; Weld* v. *Walker, supra; Burney* v. *Children's Hospital*, 169 Mass. 57 ( 38 L. R. A. 413, 61 Am. St. Rep. 273); *Larson* v. *Chase*, 47 Minn. 307 ( 14 L. R. A. 85, 28 Am. St. Rep. 370); *Foley* v. *Phelps*, (Sup.) 37 N. Y. Supp. 471.   Recovery for the refusal of the right to bury or for mutilation of the body is rather based upon an infringement of a right than upon the notion that the property of plaintiff has been interfered with.   The recovery in such cases is not for the damage to the corpse *as property*, but damage to the next of kin by infringement of his right to have the body delivered to him for burial without mutilation.   In numerous cases equity has taken jurisdiction to prevent interference with the control of a dead body by persons entitled to control it.   See *Weld* v. *Walker, supra; Pierce* v. *Proprietors of Cemetery, supra*.   And in *Reg.* v. *Fox*, 2 Q. B. 246, the remedy by *mandamus* to a jailer was granted.   But on every consideration we are of the opinion that replevin cannot be maintained.

It is not contended that the defendants are entitled to maintain a lien.   It is obvious that return cannot be ad-

judged. The only proper judgment is one dismissing the proceeding, with costs of all the courts to the defendants. It is so ordered.

The other Justices concurred.