HETFIELD *v.* MORTIMER.

1. Malicious Prosecution—Action Does Not Survive Death of Defendant.

Since an action for malicious prosecution does not survive at common law or by statute (3 Comp. Laws 1915, § 12383), where the defendant in such action died while the case was pending in the Supreme Court, a reversal puts an end to the case.[1]

2. Same—Probable Cause—Good Faith—Directed Verdict.

In an action for malicious prosecution in charging plaintiff with embezzlement, it cannot be said, as matter of law, that, upon the record, defendant so fully and in good faith submitted to the assistant prosecuting attorney all the facts in the case as to justify starting the prosecution.[2]

3. Same — Embezzlement — Failure to Audit Books—Directed Verdict.

Where the charge of embezzlement against plaintiff was based on the admitted fact that money received by him was not shown on his books, it cannot be said that defendant's failure to have the books audited before making said charge establishes, as matter of law, want of probable cause.[3]

4. Trial—Civil Case—Not Necessary to Prove Beyond Reasonable Doubt.

In a civil case, one holding the affirmative of an issue is not bound to establish it beyond a reasonable doubt.[4]

5. Same—Malicious Prosecution—Not Necessary to Prove Defense of Guilty Beyond Reasonable Doubt—Instructions.

In an action for malicious prosecution, where one of the defenses was that plaintiff was guilty of embezzlement as charged by defendant notwithstanding his discharge by the examining magistrate, an instruction by the trial judge that defendant was required to prove plaintiff's guilt beyond a reasonable doubt, was error.[5]

[1]Actions, 1 C. J. §§ 292, 383; [2]Malicious Prosecution, 38 C. J. §§ 194, 195; [3]Id., 38 C. J. §§ 189, 194; [4]Evidence, 23 C. J. § 1761; [5]Id., 23 C. J. § 1746.

6. SAME—APPEAL AND ERROR.

It cannot be said that said error was not prejudicial, because, by returning a verdict for plaintiff, the jury must have found want of probable cause, where said defenses were separate and distinct, and, under the evidence, defendant was entitled to go to the jury on the question of probable cause under proper instructions.[6]

7. SAME—TRIAL—INSTRUCTIONS—DIRECTED VERDICT.

Where an audit of plaintiff's books showed a shortage, although it also showed that the specific money received by plaintiff which led to the making of the charge of embezzlement was properly deposited in the bank without being entered on the books, an instruction by the trial judge that if said specific money was deposited in the bank there was no probable cause for including it in the charge against plaintiff, which, in effect, amounted to a directed verdict that there was want of probable cause, was prejudicial error; the question of the conversion of other money being for the jury.[7]

Error to Huron; Houghton (Samuel G.), J., presiding. Submitted June 22, 1926. (Docket No. 59.) Decided October 4, 1926.

Case by Raymond W. Hetfield against William O. Mortimer for malicious prosecution. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered; defendant having died while the case was pending in this court.

*Paul Woodworth* and *Walsh & Walsh,* for appellant.

*Henry Baird, Watson Beach,* and *Wilbur J. Beach,* for appellee.

FELLOWS, J. This is an action for malicious prosecution. Since the case reached this court defendant has died and his death has been suggested upon the record. As the cause of action does not survive at common law (1 C. J. p. 202) or by statute (3 Comp.

---

[6]Appeal and Error, 4 C. J. § 3013; Malicious Prosecution, 38 C. J. § 214; [7]Appeal and Error, 4 C. J. § 3013; Malicious Prosecution, 38 C. J. § 204; L. R. A. 1915D, 1; 18 R. C. L. 61; 5 R. C. L. Supp. 971.

Laws 1915, § 12383), a reversal puts an end to the case. The judgment, after reduction by the trial judge, is substantial; the record is voluminous and has been read with care having in mind the serious effect to plaintiff's claim which must follow a reversal.

Plaintiff was secretary-treasurer of the Federal Lumber Company, a Michigan corporation. He kept the books of the company, collected money due the company and was generally active in its management. Defendant was a stockholder in the company. He and close business associates had acquired the controlling stock in the company. January 15, 1921, plaintiff was relieved of his office in the company and no longer had any charge of its affairs. Later defendant and his associates had negotiations with plaintiff which resulted in plaintiff's selling his stock and a settlement being reached of plaintiff's account with the company. The extent defendant participated in these negotiations is somewhat in dispute. Some time after this defendant attempted to collect an account appearing on the books of the company kept by plaintiff against one Urban of between $400 and $500 and found that the account had been paid by Mr. Urban in August, 1920, and that he held the receipt of the company signed by plaintiff. This payment did not appear in the Urban account in the ledger, nor in the cash book of the company. There was also another small account of one Burge which had been adjusted by plaintiff and which did not appear to have a credit on the books of the company. Defendant took the matter up with the assistant prosecuting attorney of the county. We do not follow defendant's contention that it should be said as matter of law that he fully and in good faith submitted to the assistant prosecuting attorney all the facts so as to fully justify him in starting the prosecution or to make the act of bringing the criminal proceeding the act of the assistant prosecuting attorney, nor do we follow plaintiff's

suggestion that his failure to have a complete audit of the books before starting the criminal proceedings establish as matter of law want of probable cause. The complaint signed by defendant evidently was intended to charge and did charge a violation of section 15310, 3 Comp. Laws 1915. Without quoting it, in effect it charged defendant as agent of the Federal Lumber Company with receiving the sum of to wit $500 and converting it to his own use. A bill of particulars was demanded by the attorneys for plaintiff in the criminal proceedings. One was filed by the prosecution and it fairly appears that defendant furnished the information to make it up. It contained the Urban matter and other items. Upon a hearing plaintiff was discharged by the examining magistrate. While his reason does not clearly appear and may not be important, it may be inferred that defendant established that the money received from Urban, although not appearing on the books, was, as matter of fact, actually deposited in the bank to the credit of the lumber company. Later a cash audit by a certified accountant was had by defendant to which we shall presently refer.

Upon the trial of the instant case, defendant insisted in his defense (1) that he had probable cause for making the complaint; (2) that he fully and fairly stated the material facts to the assistant prosecuting attorney who caused the warrant to be issued and (3) that plaintiff in fact was guilty of embezzlement of funds of the company. Upon the third defense the court instructed the jury:

"The defense that Hetfield was actually guilty notwithstanding his discharge by the justice requires the producing to you by the defendant of proof of that character and sufficiency as has satisfied you beyond reasonable doubt of Hetfield's guilt the same as if he was on trial before you in the criminal case, and if you have any reasonable doubt of Hetfield's guilt of em-

bezzlement and larceny of money of the Federal Lumber Company the defense of guilt of Hetfield must fail and you will disregard it."

This instruction was erroneous. In a civil case, one holding the affirmative of an issue is not bound to establish it beyond a reasonable doubt. *Peoples* v. *Evening News Ass'n,* 51 Mich. 11; *Hoffman* v. *Loud,* 111 Mich. 156; *Barrett* v. *Insurance Co.,* 195 Mich. 209. Plaintiff's counsel concede, and properly so, as the authorities cited establish, that this instruction was erroneous. But they insist that it was without prejudice because they claim that the court should have instructed the jury that want of probable cause was established as matter of law, and they further claim that the jury having found such want of probable cause, it can not be said that the instruction was prejudicial.

We are not persuaded that the trial judge would have been justified in withdrawing the question of probable cause from the jury. Plaintiff kept the books of the company and collected the accounts due it. It is quite clear that the criminal prosecution was made to turn on whether he had deposited the money received on the Urban account in the bank. And it is equally clear that in the instant case the same situation prevailed. It was a considerable sum and the outstanding item in the case, and frequently during the trial testimony as to the minor sums collected by plaintiff, which it is clear were not accounted for on the books, was excluded, although the audit and the testimony of the auditor who made it were received. It is admitted by plaintiff that Urban paid the account; it is likewise admitted that none of the books of the company kept by plaintiff noted this payment. It did not appear on the ledger account of Urban, the company's cash book, or any memorandum in the office. When defendant made the complaint he did not have

knowledge of the other items which it is claimed the audit developed, but he did have knowledge that Urban had paid his account and the receipt held by him showed it was paid to plaintiff and he knew that plaintiff had not accounted for it on the books of the company. We do not think it can be said as matter of law that he had no probable cause to believe plaintiff guilty of embezzlement. As we have pointed out, he was not required as matter of law to procure an audit before he made the complaint. The jury might conclude that a reasonably cautious man would have taken such step or they might conclude that a reasonably cautious man would have accepted the books kept by plaintiff at their face. The question was at least one for their solution.

The audit which was later had was doubtless prepared for use in the instant case. It is claimed by defendant's counsel that it and the testimony given in connection with it establishes the third defense or at least took it to the jury. The audit was made by a certified public accountant who was produced as a witness on the trial. He testified that he gave plaintiff credit for all moneys deposited in the bank whether they appeared on the books of the company or not, including the money received from Urban, and that he eliminated the Burge item as chargeable to plaintiff; that he also gave him credit for all cash disbursements appearing on the books, and that after giving such credits plaintiff's shortage amounted to $37.30. He also gave testimony tending to show that, prior to the time of the Urban payment, it had been plaintiff's custom to strike balances on the cash book monthly or more frequently, but that, beginning about the time of the payment by Urban, he ceased this practice and did not strike balances thereafter. Plaintiff's testimony is quite strong to the effect that any discrepancies, including the Urban item, were due to careless book-

keeping and pressure of work, but defendant had the right to take the judgment of the jury on this defense and to have it submitted under proper instructions.

The jury by their verdict for plaintiff must have found a want of probable cause. There is some force in plaintiff's contention that so to do they must have concluded that the third defense was not established. The first and third defenses were, however, separate defenses, and in determining whether a palpable error which practically took away a legitimate defense was prejudicial we can not overlook the manner in which the case was tried, what were its dominant features, what was made the controlling issue. Even if we accept plaintiff's contention that a finding for him on the first defense necessitated a finding for him on the third defense, before we can relieve the erroneous instructions from prejudicial taint we should be satisfied that the first defense was submitted to the jury under proper instructions. We have already pointed out that the Urban matter was the dominant feature of both the criminal and instant cases. Neither case would have been instituted but for that transaction. We have pointed out that the auditor employed by defendant testified that the Urban money was deposited in the bank and the books of the bank confirmed this. The trial judge instructed the jury that if it was deposited in the bank there was no probable cause for including it in the charge against plaintiff. As a practical question this was the equivalent of a directed verdict on this subject, and we have pointed out a directed verdict was not justified on this record. This instruction, coupled with the dominant and controlling effect of the Urban transaction, left nothing for the jury to do as a practical proposition but to find want of probable cause. Beyond this, as we have pointed out, the defenses were separate and distinct defenses, and as we have likewise pointed out, under the testi-

mony the jury would have been justified in concluding that defendant, at the time he made the complaint, had not been as diligent in searching out the facts as a reasonably cautious man should have been; and while the testimony did not take to the jury the question of conversion by plaintiff of the Urban money, the testimony of defendant's auditor did take to the jury the question of the conversion by plaintiff of other money of the company.

The instruction quoted was admittedly erroneous; it placed upon defendant a burden he was not under the law bound to assume. It deprived him of a substantial right; it was prejudicial to his case and the verdict did not cure it. For this erroneous instruction the case must be reversed, and as no new trial can be had, we need not consider the other assignments of error, some of which present serious questions.

Reversed, without a new trial.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, and McDONALD, JJ., concurred. CLARK, J., did not sit.