BEGOLE *v.* FERGUSON.

1. LIBEL AND SLANDER—SURVIVAL OF ACTIONS—COMMON LAW—
   STATUTES.
   > Libel is not one of the actions that survived the death of a party
   > at common law nor does it survive under statute relative to
   > survival of actions (3 Comp. Laws 1929, § 14040).

2. ABATEMENT AND REVIVAL—LIBEL—SURVIVAL OF ACTIONS—STAT-
   UTES.
   > Action by owners of trailer camp and general store against owner
   > of subdivision of adjoining land for libel because of circula-
   > tion of certain handbills imputing a diseased mind on part of
   > plaintiffs was solely one for libel and not one for damages
   > done to real and personal estate, hence abated upon death of
   > defendant (3 Comp. Laws 1929, § 14040).

3. SAME—DEATH OF WARD—MOTION TO DISMISS FILED BY GUARDIAN.
   > In action against an individual under guardianship where abate-
   > ment of action occurs because of death of ward, the guardian
   > has authority to file the motion to dismiss.

4. LIBEL AND SLANDER—DEATH—APPEAL AND ERROR—COSTS.
   > In action for libel where defendant died during pendency of ap-
   > peal in Supreme Court, the case is dismissed upon motion by
   > deceased's guardian but no costs are taxed.

Appeal from Washtenaw; Sample (George W.),
J. Submitted June 6, 1941. (Docket No. 34, Calen-
dar No. 41,547.) Decided October 6, 1941.

Case by Franklin S. Begole and Lucinda Begole
against Edgar E. Ferguson for libel. Directed ver-
dict and judgment for defendant. Plaintiffs appeal.
Remanded with directions to dismiss.

*Walter M. Nelson,* for plaintiffs.

*Burke & Burke,* for defendant.

---

Effect of death of defendant in a libel action, see 4 Restatement,
Torts, § 900 (a).

BUSHNELL, J.   Plaintiffs Franklin S. Begole and Lucinda Begole, his wife, appeal from a judgment entered in favor of defendant Edgar E. Ferguson upon a directed verdict.   Begole, who had been a farmer near Ypsilanti, moved into the city in 1922 to conduct a creamery business with his brother. Since 1924, he has owned and operated a general store near the outskirts of that city, where he also sells gasoline and motor oils at retail.   For some years he and his wife have operated a trailer camp at the rear of their premises.

Defendant Ferguson, who has been active in the business affairs of the city, is interested in lands north of plaintiffs' property, which were vacant and unimproved until about two and one-half years previous to this action.   The Ferguson property has since been platted as Woods subdivision and now has a few residential homes located thereon.

In 1925 the common council of the city of Ypsilanti enacted a zoning ordinance, and in 1939 enacted an ordinance which required operators of trailer camps to secure a license.   This latter ordinance provides that no application for a license shall be accepted by the city clerk "unless it is accompanied by a petition signed by 60 per cent. of the property owners owning property within 500 feet of the proposed site of the house trailer camp."   Subsequent to the enactment of the ordinance, plaintiffs sought to secure the written approval of adjoining property owners for their license application.   They charge that, while they were so engaged, defendant, on or about April 22, 1939, "wrongfully, maliciously, falsely and unjustly did compose and publish a certain false, scandalous, malicious and defamatory libel of and concerning these plaintiffs, and of and concerning them in their said businesses and the ownership by them of said property" consisting of

5,000 copies each of three circulars prepared and circulated throughout the city of Ypsilanti either by defendant or under his instructions. These three circulars were fastened together and distributed together. They may be identified as "A," "B" and "C."

Circular "A" discussed the subdivision owned by Ferguson and the details of his expenditures of money therein. This circular stated:

"I think no further information is necessary, except to say that a trailer camp is being built adjacent to the subdivision and against the wishes of many of the property owners."

Circular "B," entitled, "Thinking Aloud," stated defendant's conception of what a trailer camp should be.

Circular "C" was entitled, "Is it Fair—To Whom?" It put the question:

"Is it fair to the residents of Woods subdivision to allow a trailer camp at the Boundary line?"

This circular then gave the names of those who had built homes at the cost of $10,000 to $20,000 in Woods subdivision, and stated:

"This is the question I am asking. I am also very respectfully asking Mrs. Begole if she really believes she should have under the eaves of these houses a trailer camp? Even though it may be tidied up some it is a detriment to the property owners in the vicinity."

After citing an instance where a prospective purchaser refused to buy a home in Woods subdivision, this circular concluded with:

"This is a practical question to ask. Do we want an environment which will draw such families to Ypsilanti? Or do we want an environment which

will keep them away? The question is up to the citizens of Ypsilanti.

"A very simple question, but one difficult to answer because greed may enter into the picture and greed is a disease, not of the body—but of the mind."

Circular "C" was signed "E. E. Ferguson." Circular "A" was signed "E. E. Ferguson, Owner and Proprietor." Circular "B" concluded with this language:

"To anyone interested in moving their trailer upon these premises, please see Mr. Garner Williams, general manager of the Ferguson Farm Industries. 1025 Huron Road, Telephone 1459, Ypsilanti, Michigan."

Plaintiffs charge that these circulars containing the imputation of a diseased mind were defamatory and libelous.

On the day upon which the trial commenced, July 5, 1940, defendant's son, Kenneth E. Ferguson, was substituted as a party defendant, having been appointed the guardian of defendant E. E. Ferguson, who was adjudged a mental incompetent on May 10, 1940. This order of substitution and a conditional order denying a continuance were entered under the following circumstances: A continuance had been granted in the case on May 7th because of defendant's inability to be in court. No formal order, however, was entered at the time, but on July 5th, while counsel for plaintiffs was seated at the counsel table, defendant's counsel approached the bench and talked privately with the trial judge, presented two papers and had them signed, stepped down and handed copies of them to counsel. One of these was an order of the continuance, which was entitled, "Amended Order," and continued the cause over the May term upon condition that plaintiffs admit

that, if E. E. Ferguson were sworn, he would testify in accordance with the facts set forth in the motion for continuance. The other was the order of substitution. After the copies of these orders were presented to counsel for plaintiffs, and he objected, the jury was excused and plaintiffs' counsel vigorously denied any agreement as to defendant's testimony and objected to the presentation of the papers to the court without any opportunity to be heard. The court thereupon offered to grant a continuance, which was declined by plaintiffs' counsel on the ground that he could not delay the trial of his clients' matter any longer even though he was taken by surprise.

On appeal, plaintiffs ask that the conditional order be vacated. We do not approve of the manner in which this order was entered but, in view of our disposition of the case, further action with respect to this amended order becomes unnecessary.

A number of witnesses were called and testified that plaintiffs operated their trailer camp in a proper manner. Plaintiffs and others testified regarding the extent of defendant's efforts to prevent the issuance of a license, the printing and circulating of the alleged libelous circulars and their effect upon those who had consented to plaintiffs' application. Mrs. Begole said that she talked with friends who had signed the Begole petition and who later asked to have their names withdrawn. She repeated the reasons they gave and concluded her testimony with this statement:

"I can't recall any of the people who did take their names off our petition coming to the home and telling me that the reason they took their name off was because they saw these handbills. I can't remember any."

Some testimony was offered in an attempt to show that the printing and circulating of the handbills affected the income of Begole's store and that of the trailer camp.

At the close of plaintiffs' proofs the court allowed defendant to amend his answer to include the defense of privilege. No testimony was offered by defendant. The court held that the statements in the circulars were not a reflection on anyone, and granted defendant's motion for a directed verdict. The remarks of the trial judge indicate that he was of the opinion that plaintiffs failed to prove their case, and he implied that the language of the circulars was not libelous *per se* and that it was privileged.

Plaintiffs claim on appeal that the language complained of was not privileged either absolutely or qualifiedly and was libelous either *per se* or *per quod,* and that, since there was proof of damages, the court was in error in directing a verdict.

We are precluded from disposing of this case on the merits because of the following. The matter was argued and submitted at the 1941 June term of court. On July 12, 1941, a motion to dismiss was filed based upon a suggestion of the death of Edgar E. Ferguson. His death occurred on July 8, 1941, while this appeal was pending.

Libel is not one of the actions that survived at common law, nor is it enumerated in the statute pertaining to the survival of actions. 3 Comp. Laws 1929, § 14040 (Stat. Ann. § 27.684). This statute reads:

"In addition to the actions which survive by the common law the following shall also survive, that is to say, actions of replevin, actions for the conversion of property, for deceit, for assault and battery,

for false imprisonment, for negligent injuries to persons, for damages done to real and personal estate, and actions to recover real estate, or any interest therein, where persons have been induced to part with the same through fraudulent representations and deceit.''

The death of Ferguson abated the action unless, as plaintiffs now claim, the guardian lacks authority to file the motion to dismiss and unless the action is one that survives because it is one for damages ''done to real and personal estate.''

Our conclusion is that the action is solely one of libel which has now abated and that the guardian has authority to file the motion to dismiss. See *Stebbins* v. *Dean,* 82 Mich. 385; *Frohlich* v. *Deacon,* 181 Mich. 255 (Ann. Cas. 1916C, 722); *Hetfield* v. *Mortimer,* 236 Mich. 214; and the statute above quoted.

The motion to dismiss is granted and the cause is remanded for the entry of an order dismissing the action. In view of the circumstances, no costs are to be taxed in either court.

Sharpe, C. J., and Boyles, Chandler, North, Starr, Wiest, and Butzel, JJ., concurred.