DEEG *v.* CITY OF DETROIT.

1. DEAD BODIES—MUTILATION—CAUSE OF ACTION.

The unlawful and intentional mutilation of a dead body gives rise to a cause of action on behalf of the person or persons entitled to the possession, control, and burial of such body.

2. SAME—PROPERTY.

There is no property right in the next of kin to a dead body.

3. SAME—BURIAL RIGHT—MUTILATION OF CORPSE.

Recovery for the refusal of the right to bury or for the mutilation of a dead body is rather based upon an infringement of a right than for damage to the corpse as property, the right being one of the next of kin to have the body delivered for burial without mutilation.

4. SAME — PLEADING — UNAUTHORIZED AUTOPSY — DESTRUCTION OF ORGANS.

Declaration, filed on behalf of widow of decedent who is claimed to have been killed by motorbus owned and operated by defendant, stated a cause of action for interference with her right to bury decedent's remains without mutilation by defendant, where it was claimed that at the unauthorized autopsy certain organs were removed at the request of defendant's physician for the purpose of determining presence, or absence, of alcohol and the organs so removed were subsequently destroyed.

5. SAME—NATURE OF CAUSE OF ACTION FOR INTERFERENCE WITH RIGHT OF BURIAL.

A cause of action for the interference with the right of burial of a dead body is not an injury to property rights nor a neg-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 15 Am Jur, Dead Bodies § 26.
[2] 15 Am Jur, Dead Bodies § 6.
[4] 15 Am Jur, Dead Bodies §§ 26, 27, 32.
[5] 15 Am Jur, Dead Bodies § 17.
[6] 4 Am Jur, Assignments § 118 *et seq.*
[7] 1 Am Jur, Abatement, Survival and Revival § 56 *et seq.*
[8] 1 Am Jur, Abatement, Survival and Revival § 68.
[9] 1 Am Jur, Abatement, Survival and Revival § 70.
[10] 1 Am Jur, Abatement, Survival and Revival §§ 56, 159.
[11, 12] 14 Am Jur, Courts § 184.
[16] 1 Am Jur, Actions § 21.
[18] 1 Am Jur, Abatement, Survival and Revival § 72.
[19] 15 Am Jur, Dead Bodies § 32.

ligent injury to the person but arises from the invasion of a personal right of the plaintiff.

6. SAME—ACTION—COMMON LAW—ASSIGNMENT.

A cause of action for interference with the right of burial of a deceased person was not assignable at common law.

7. SAME—ACTION—COMMON LAW—SURVIVAL OF ACTION.

The cause of action for interference with the right of burial of a deceased person did not survive the death of either the plaintiff or the defendant.

8. SAME—RIGHT OF BURIAL—STATUTES—SURVIVAL OF ACTIONS.

A widow's right of action for defendant's interference with her right to bury her deceased husband's body without mutilation did not survive her death and was not subject to being revived and prosecuted by the administrator of her estate, the right which defendant was charged with having violated being purely personal in character and not an injury to person or property within the meaning of the provisions of the statute relating to survival of actions (CL 1948, § 612.32).

9. ABATEMENT AND REVIVAL—PURPOSE OF PLEADING.

The office of a plea in abatement is to bring to the attention of the court some fact or circumstance not disclosed on the face of the record, which, although not necessarily absolutely and forever precluding or excluding the right of recovery in plaintiff, defeats the action.

10. SAME—DEATH—SURVIVAL OF ACTIONS.

A cause of action which ceases to exist upon the death of the person having it cannot be revived for the purpose of permitting its further prosecution by the administrator of her estate, the abatement then being absolute.

11. COURTS—JURISDICTION.

Parties to a case may not give a court jurisdiction over the subject matter if such jurisdiction does not legally exist.

12. STIPULATIONS—COURTS—JURISDICTION.

Parties to a case cannot by stipulation empower a court to hear and determine an alleged cause of action that does not in fact exist.

13. PARTIES—OBJECTIONS TO CAPACITY.

All objections to the personal capacity of a suitor to appear in justice should be made *in limine litis*.

14. ABATEMENT AND REVIVAL—PLEADING.

All dilatory and declinatory pleas ought to precede the *contestatio litis*.

15. Pleading—Exceptions.

Peremptory exceptions should be regularly pleaded.

16. Action—Want of Cause of Action in a Suitor.

A total want of legal right in a suitor, in relation to matters in litigation, ought to be taken into consideration and acted on by courts of justice, at any stage of a cause.

17. Courts—Function.

Courts of justice should not remain silent spectators of infringements of the true principles of law which they are appointed to administer.

18. Abatement and Revival—Purpose of Motion.

A motion to abate is in effect a motion of no right or cause of action and, as such, is peremptory, where the cause of action has ceased to exist.

19. Dead Bodies—Motion for Directed Verdict—Death of Widow —Survival of Actions.

A motion for a directed verdict interposed in widow's action for interference with her right to bury the unmutilated body of her husband should have been regarded as a motion to dismiss, where based upon her death and should have been granted as the cause of action ceased to exist upon her death and did not survive (CL 1948, § 612.32).

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 3, 1956. (Docket No. 7, Calendar No. 46,352.) Decided April 2, 1956. Rehearing denied May 14, 1956.

Case by Alma Deeg against City of Detroit, a municipal corporation, department of street railways, for damages for causing post-mortem examination, without consent, following death of her husband in traffic accident. During pendency of case plaintiff died and suit was continued by her administrator. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded with direction to set aside judgment and dismiss case.

*Markle, Markle & Eubank,* for plaintiff.

*James S. Shields, A. Albert Bonczak* and *David Grainer,* for defendant.

Carr, J. The plaintiff Alma Deeg, now deceased, was the widow of John Deeg whose death occurred on March 6, 1949, as a result of a traffic accident on a public street in the city of Detroit. It is claimed that a motorbus owned and operated by the defendant, department of street railways, ran over Deeg's body, inflicting injuries of such character as to cause death within a few minutes. Following the accident he was removed to Receiving Hospital, which was maintained by the city. Subsequently an autopsy, or post-mortem examination, was conducted, in the course of which certain organs were removed and sent to a laboratory for examination, apparently for the purpose of determining the presence, or absence, of alcohol. The laboratory examination resulted in the destruction of the organs so removed.

On January 9, 1951, suit was instituted by the widow to recover damages from the defendant on the ground that the alleged mutilation of the body of John Deeg was done without her consent and in violation of her legal rights with reference to the possession and burial of the body. The declaration alleged that the autopsy was conducted without lawful authority, that there was no reason or necessity therefor, and that the medical examiner of Wayne county who performed the autopsy acted pursuant to the request and direction of a physician and surgeon who was in the service of the defendant city of Detroit, department of street railways. Defendant by answer denied that it, or anyone representing it, had procured or participated in the autopsy.

On the trial of the cause evidence was introduced establishing that defendant's physician and surgeon was present at the autopsy, and that a material part of the work performed by the medical examiner of Wayne county was done at his request. At the con-

clusion of plaintiff's proofs counsel for defendant moved for a directed verdict, claiming that the evidence was insufficient to establish a prima facie case, and that the cause of action, if there was such, did not survive the death of Mrs. Deeg, who had passed away on the 20th of December, 1952, prior to the trial. The motion was denied and the case submitted to the jury which returned a verdict in plaintiff's favor. A motion for a new trial, made by defendant, was denied. The instant appeal has resulted, defendant claiming that its motion for a directed verdict should have been granted and that the denial of the motion for a new trial was erroneous.

The pretrial hearing in the cause was held on November 5, 1953. At that time it was called to the attention of the court that Alma Deeg was deceased and that an administrator of her estate had been appointed by the probate court of Macomb county. It was agreed by counsel that the action might be continued by the administrator, and under date of November 12, 1953, a suggestion of the death of Mrs. Deeg was filed by counsel appearing for the plaintiff. The trial of the case was begun on February 1, 1954. Prior to the motion for a directed verdict at the conclusion of plaintiff's proofs on the trial, defendant did not, by motion to dismiss or otherwise, raise the question that the cause of action ceased to exist on the death of Mrs. Deeg.

It seems to be settled by the great weight of authority that the unlawful and intentional mutilation of a dead body gives rise to a cause of action on behalf of the person or persons entitled to the possession, control, and burial of such body. In *Keyes v. Konkel,* 119 Mich 550 (44 LRA 242, 75 Am St Rep 423), it was held that an action of replevin would not lie for the recovery of a dead body, the common-law principle that there is no property right therein

being applied. In discussing the situation presented in said case, it was said (p 551):

"Recovery for the refusal of the right to bury or for mutilation of the body is rather based upon an infringement of a right than upon the notion that the property of plaintiff has been interfered with. The recovery in such cases is not for the damage to the corpse *as property,* but damage to the next of kin by infringement of his right to have the body delivered to him for burial without mutilation."

In *Doxtator* v. *Chicago & West Michigan R. Co.,* 120 Mich 596 (45 ALR 535, 6 Am Neg Rep 293), it was held that defendant was not liable to plaintiff for damages because portions of the limbs of her husband, who received injuries causing death as a result of being run over by cars of the defendant, were amputated and subsequently burned by employees of the hospital in which the operation was performed. The proofs indicated that defendant's physician and surgeon was not responsible for such disposition of the amputated members. In commenting on the general principles involved in such case, it was said (p 597):

"The plaintiff sues to recover damages on account of having been deprived of the right to give the remains of her deceased husband a Christian burial, and alleges that she was deprived of this right by the wrongful act of the defendant. At the common law there was said to be no property in a dead body, and in one sense this may still be deemed an accurate technical statement; but it has been held in a number of well-considered American cases that the one whose duty it is to care for the body of the deceased is entitled to possession of the body as it is when death comes, and that it is an actionable wrong for another to interfere with that right by withholding the body or mutilating it in any way. *Larson* v. *Chase,* 47 Minn 307 (50 NW 238, 28 Am St Rep 370);

*Foley* v. *Phelps,* 1 App Div 551 (37 NYS 471) ; *Burney* v. *Children's Hospital,* 169 Mass 57 (47 NE 401, 61 Am St Rep 273) ; 8 Am & Eng Enc Law (2d ed), 834.  This right is conceded."

Without discussing the question at length, it is our conclusion that the declaration filed on behalf of Mrs. Deeg stated a cause of action in her favor and that the proofs introduced on the trial tended to support the material averments of the pleading. No inquest was ordered by proper authority, and it appears from undisputed testimony that defendant's medical representative, present at the autopsy, requested the medical examiner to remove certain organs from the body and that the action was taken pursuant to such request, although the examiner did not deem it necessary.  Insofar as defendant's motion for a directed verdict was based on claims that the proofs were insufficient to establish a cause of action on behalf of Mrs. Deeg it was not well-founded.

Did Mrs. Deeg's cause of action survive her death? CL 1948, § 612.32 (Stat Ann § 27.684), reads as follows:

"In addition to the actions which survive by the common law the following shall also survive, that is to say, actions of replevin, actions for the conversion of property, for deceit, for assault and battery, for false imprisonment, for negligent injuries to persons, for damages done to real and personal estate, and actions to recover real estate, or any interest therein, where persons have been induced to part with the same through fraudulent representations and deceit."

As pointed out in *Keyes* v. *Konkel, supra,* a cause of action of this nature is not based on the theory of an injury to property rights, nor does it involve a negligent injury to the person.  The action rests on the theory that a personal right of the plaintiff

or plaintiffs has been deliberately and wrongfully invaded. Such a cause of action was not assignable at common law, nor did it survive the death of either the plaintiff or the defendant.

In *Stebbins* v. *Dean,* 82 Mich 385, an action was brought by heirs-at-law against the widow of Horace Beers because of the alleged destruction by her of certain deeds which had not been recorded. Prior to the final disposition of the case the defendant died and the trial court dismissed the case. Pointing out that the cause of action set up in the declaration did not survive at common law, or by virtue of statute, it was held that the suit had abated on the death of the original defendant and that dismissal of the case was proper.

In *Hetfield* v. *Mortimer,* 236 Mich 214, the action for damages was based on a claim of malicious prosecution. Plaintiff had judgment in the trial court. Pending the disposition of the appeal defendant died, and the matter was called to the attention of the Court by a suggestion of death duly filed. The Court decided that prejudicial error had been committed in the trial and reversed the judgment. Pointing out that the cause of action did not survive either at common law or by statute, it was held that the reversal put an end to the case. In consequence no new trial was ordered. Likewise, in *Begole* v. *Ferguson,* 299 Mich 416, in which defendant had judgment in an action based on alleged libel, defendant died following the submission of plaintiff's appeal to this Court but before determination thereof. It was held that the cause of action did not survive the death of the defendant. In consequence, the Court declined to consider the appeal on the merits and remanded the cause to the trial court for entry of an order dismissing the action. See, also, *Jones* v. *Matson,* 4 Wash2d 659 (104 P2d 591; 134

ALR 708) with reference to the survival of actions for libel or slander.

In accordance with the above decisions is *Howard v. Lunaburg,* 192 Wis 507 (213 NW 301, 57 ALR 346), in which it was held that an action to recover damages for injury to the feelings of a wife as a result of the alienation of affections of her husband did not survive the death of the defendant. In discussing the situation the court concluded that the wrongful act alleged did not amount to an invasion of property rights, and, hence, was not within the scope of the statute relating to the survival of actions.

In accordance with the general principles recognized by this Court in prior decisions, and likewise by courts in other States, we think it must be said that Alma Deeg's cause of action, as set forth in her declaration, did not survive her death. It ceased to exist at that time and, in consequence, was not subject to being revived and prosecuted by the administrator of her estate. The right that defendant was charged with having violated was purely personal in character. It did not involve an injury to person or to property within the meaning of the provisions of the statute, above quoted, relating to the survival of rights of action, and it was not of such character as to survive at common law.

On behalf of plaintiff it is urged that counsel for defendant were precluded from asserting that Mrs. Deeg's cause of action did not survive her death because of statements made at the pretrial hearing. As before stated, it was agreed by the attorneys, although no suggestion of death had then been filed in the cause, that the administrator might proceed with the litigation. Emphasis is placed on the fact that no motion to dismiss was made following the filing of the suggestion of death on November 12, 1953, or the question otherwise raised, until the

trial of the case nearly 3 months later, at which time defendant asked for a directed verdict on the ground, among others, that the right of action had terminated with the death of Mrs. Deeg.

Attention is directed to Michigan Court Rule No 18 (1945) requiring motions to dismiss to be filed within the time therein specified. *Walters & Hemming, Inc.,* v. *Andres,* 340 Mich 628, is also cited. In that case, however, as in other decisions of like nature, the cause of action was not extinguished. The question of procedure at issue related to the failure of counsel for defendants to raise in proper manner the defense of coverture, one of the defendants being a married woman. Of like import is *Wilson & Co.* v. *Franz,* 206 Mich 581. There the plaintiff was merged with another corporation to which its claim was transferred. No question of abatement was raised by the defendant in the principal suit. Judgment was entered in favor of plaintiff, following which a *capias ad satisfaciendum* was issued and the judgment debtor was taken into custody by the sheriff of Berrien county. Subsequently he gave a jail limits bond which he forfeited by leaving the county and State. Suit was then brought against the sheriff to recover for permitting the escape. It was held that the judgment in the main suit was not subject to question on the ground of the merger of plaintiff with another corporation.

In referring to pleas in abatement in such instances it is said in 1 Am Jur, Abatement and Revival, § 70, p 64:

"Their office is to bring to the attention of the court some fact or circumstance not disclosed on the face of the record, which, not absolutely and forever precluding or excluding right of recovery in the plaintiff, defeats the action. Such pleas should furnish the plaintiff with materials for avoiding the

same mistake, or, as it is said generally, they must give the plaintiff a better writ."

In the case at bar we do not have a situation in which the pending action abates subject to being revived. The rules of practice and procedure relating to such instances are not applicable here. The cause of action of Mrs. Deeg ceased to exist at her death. It could not be revived for the purpose of permitting its further prosecution by the administrator of her estate. In discussing the 2 types of cases, it is said in 1 Callaghan's Michigan Pleading and Practice, Abatement and Revival, § 12.04, p 245, that:

"If the law declares that a cause of action survives, it is equivalent to saying that an executor or administrator may sue or defend. Death of a party may well temporarily 'abate' an action, in the sense that it cannot proceed for the time being, but the temporary cessation of procedure is usually subject to revival and the suit may be continued if the cause of action survives in favor of or against the heirs or personal representative of the decedent. The basic question is whether or not the cause 'survives' so as to be enforceable by or against the estate of the decedent. If it does survive, the abatement is temporary only, subject to revivor; but if it does not survive, the abatement is absolute."

The practical situation with which we are confronted is that when counsel agreed on the pretrial hearing that the administrator might proceed with plaintiff's case they were in effect attempting to stipulate for the continuance of a cause of action that had absolutely abated. The rule is well settled that parties to a case may not give a court jurisdiction over the subject matter if such jurisdiction does not legally exist. By the same process of reasoning it must be said that they cannot by stipulation empower a court to hear and determine an alleged

cause of action that does not in fact exist. The case ended with the death of Mrs. Deeg. The subject matter of the action was the invasion of a right that was personal to her. It was not subject to transfer to another. The general rule applicable here was well summarized by the Louisiana supreme court in *Brown & Sons* v. *Saul,* 4 Mart NS (La) 434, 437[*] (16 Am Dec 175), in the following statement:

"It is perhaps a rule, almost without exception, that all objections to the personal capacity of a suitor to appear in justice, should be made *in limine litis.* All dilatory and declinatory pleas ought to precede the *contestatio litis;* and even peremptory exceptions should be regularly pleaded; but a total want of legal right in a suitor, in relation to the matters in litigation, ought to be taken into consideration and acted on by courts of justice, at any stage of a cause. They should not remain silent spectators of infringements of the true principles of laws, which they are appointed to administer."

In *McConnell* v. *Webb,* 226 La 385 (76 S2d 405), the court referred to provisions of the code of practice of the State as well as to general legal principles of procedure. In said case plaintiff failed to recover judgment in the trial court and appealed. Pending the appeal plaintiff died. Notwithstanding that fact, however, the case was argued and submitted. Defendant then filed a motion to abate the appeal on the ground that the cause of action did not remain in existence. The motion was contested on the ground that the cause of action was inherited by plaintiff's heirs and did not abate, and also that it was not seasonably made. Both contentions were decided in favor of defendant, the court holding that the cause of action did not survive and saying, with reference to the other claim, that (pp 390, 391):

---

[*] Annotated, 8 Mart (La) 220.—Reporter.

"The point that the motion to abate comes too late is not well urged and is without merit. The theory on which the motion to abate was filed is that by its nature, the action which the plaintiff originally brought expired at the time of his death; thereafter it no longer existed and could be prosecuted no further. The motion to abate was in effect a motion of no right or cause of action and as such it is a peremptory exception which, as article 345 of the Code of Practice provides, is one which shows that plaintiff cannot maintain his action either because it is prescribed or 'because the cause of action has been destroyed or extinguished.' Such exceptions as article 346, Code of Practice, further provides, 'may be pleaded in every stage of the action, *previous to the definitive judgment.*' * * * (Italics ours.) In *Roy* v. *Mutual Rice Co. of Louisiana, Inc.,* 177 La 883, 897 (149 S 508, 512), it is stated that 'The total lack of a right or cause of action may be taken advantage of at any stage of the proceedings, either in the supreme court or in the court of appeal.' Several cases are cited as authority for the statement."

An examination of the opinion in its entirety suggests that the court did not consider the provisions of the code as at variance with general principles relating to procedure. It may be said also that the procedure observed by this Court in *Hetfield* v. *Mortimer, supra,* and in *Begole* v. *Ferguson, supra,* amounted to a recognition of the basic proposition that when the right of action has absolutely abated as the result of the death of a party to the cause it must be regarded as no longer existent and is to be dealt with accordingly.

In the case at bar the fact that Mrs. Deeg had deceased was discussed at the pretrial hearing. The suggestion of death filed a week later constituted formal notice to the court of the situation then existing. All parties concerned were charged with notice that the cause of action was terminated and, hence,

could not be further prosecuted. They could not by stipulation alter the situation in this respect. The motion for a directed verdict made on behalf of defendant at the conclusion of plaintiff's proofs should have been regarded as a motion to dismiss and should have been granted.

It is unnecessary to discuss other questions raised by counsel. The judgment is reversed, and the cause remanded to the trial court with directions to set aside said judgment and to enter an order dismissing the case.

DETHMERS, C. J., and SHARPE, SMITH, REID, BOYLES, KELLY, and BLACK, JJ., concurred.