## PEOPLE v McKINNON

Docket No. 69056. Submitted June 5, 1984, at Lansing.—Decided December 4, 1984.

Duncan R. McKinnon agreed to plead guilty in 54-B District Court to a charge of reckless driving in exchange for dismissal of the original charge of felonious driving. The plea was accepted and defendant was fined, ordered to make restitution, and was sentenced to one year's probation and a 30-day jail term by visiting 54-A District Judge Charles F. Filice. Defendant appealed to the Ingham Circuit Court, raising several issues with regard to the plea-taking proceeding. The circuit court, Thomas L. Brown, J., ruled that the district court had erred by not informing defendant of his right to remain silent. Rather than order the plea set aside, however, Judge Brown deleted the 30-day jail term from the sentence imposed by the district court. Defense counsel expressed satisfaction with the result and the prosecuting attorney made no objection. The prosecutor subsequently sought leave to appeal to the Court of Appeals, seeking either reinstatement of the plea or reversal of the order changing defendant's sentence. Leave to appeal was granted. *Held:*

1. The circuit court correctly determined that the district

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 473 *et seq.*

Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025. Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 473.

[3] 21 Am Jur 2d, Criminal Law §§ 469-472.

[3, 4] 21 Am Jur 2d, Criminal Law § 580.

[5] 56 Am Jur 2d, Motions, Rules, and Orders § 29.

[6] 20 Am Jur 2d, Courts §§ 103, 151.

[7] 20 Am Jur 2d, Courts § 97.

[8] 21 Am Jur 2d, Criminal Law § 315.

[9] 21 Am Jur 2d, Criminal Law § 258.

Plea of guilty as basis of claim of double jeopardy in attempted subsequent prosecution for same offense. 75 ALR2d 683.

court erred in not informing defendant of his right to remain silent and that, as a result, the plea was defective.

2. The circuit court erred in not setting aside the conviction and remanding for retrial. The conviction is infirm and must be set aside, therefore the sentence must be vacated as well. The circuit court's order is reversed and defendant's plea is set aside.

3. Defendant's argument that the prosecution should not be permitted to challenge the circuit court's order since no objection was made at the time of the circuit court proceedings is without merit. The circuit court did not have jurisdiction to change the specific terms of the district court's sentence.

4. Defendant's argument that there is no statutory provision for the prosecutor's appeal in this case is rejected. Prosecutors may appeal from an order of a court relative to proceedings had or made before the defendant is put in jeopardy. Defendant was never placed in jeopardy.

Reversed and remanded to the district court for further proceedings.

1. CRIMINAL LAW — GUILTY PLEAS — DISTRICT COURTS.
   A district court must advise defendants of rights they have at trial; failure to personally advise a defendant of the rights waived incident to a guilty plea renders the plea constitutionally infirm (DCR 785.4[e]).

2. CRIMINAL LAW — GUILTY PLEAS — RIGHT TO REMAIN SILENT.
   The right to remain silent is one of the rights of which a defendant must be informed before his plea of guilty may be accepted.

3. CRIMINAL LAW — GUILTY PLEAS — APPEAL.
   A conviction based on a guilty plea must be set aside and the sentence imposed vacated where it is found that the plea is constitutionally defective.

4. CRIMINAL LAW — APPEAL — SENTENCING.
   A circuit court does not have jurisdiction to change the specific terms of a sentence imposed by a district court (MCL 769.1; MSA 28.1072).

5. COURTS — ORDERS — JURISDICTION.
   An order entered by a court without jurisdiction is absolutely void.

6. COURTS — JURISDICTION.
   A court should take note of the limits of its own jurisdiction even where the question is not raised by the pleadings or by counsel.

7. COURTS — JURISDICTION — STIPULATIONS.

Parties cannot, even by stipulation, empower a court to hear a matter over which it lacks jurisdiction.

8. CRIMINAL LAW — APPEAL — PROSECUTING ATTORNEYS.

A prosecuting attorney may appeal from an order of a court relative to proceedings had or made before the defendant is put in jeopardy (MCL 770.12[c]; MSA 28.1109[c]).

9. CRIMINAL LAW — GUILTY PLEAS — JEOPARDY.

The rule that a plea of guilty constitutes jeopardy has its proper application and force only as against a new charge for the same offense, and not to a continuing proceeding on the one, original charge.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Charles R. Toy,* Assistant Prosecuting Attorney, for the people.

*Thomas Rasmussen,* for defendant on appeal.

Before: GRIBBS, P.J., and BRONSON and SHEPHERD, JJ.

PER CURIAM. Defendant pled guilty in district court to a reckless driving charge, MCL 257.626; MSA 9.2326. He appealed to the circuit court, raising several issues with regard to the plea-taking proceeding. The circuit judge held that the district judge had not informed defendant of his right to remain silent. However, the circuit judge did not order the plea set aside but instead deleted a 30-day jail term from the sentence imposed by the district court. The people appeal by leave granted, seeking either reinstatement of the plea or reversal of the order changing defendant's sentence. We hold that the circuit judge correctly held that the plea was infirm but that he lacked authority to change the sentence.

Defendant was charged with felonious driving, MCL 752.191; MSA 28.661. He agreed to plead guilty to a charge of reckless driving in exchange for dismissal of the original charge. Before accepting the plea, the district judge engaged in the following colloquy with the accused:

*"THE COURT: * * * Mr. McKinnon, if I accept your offer of guilty to Reckless Driving you will have waived the following rights:* 1. The right to have a trial either with a jury or without a jury, to cross-examine the witnesses called by the prosecution, to present witnesses in your own behalf if you desire to, *that you would be able to testify yourself if you desired to,* that you would have a right to have an attorney represent you, the fact that Mr. Scheid is representing you here this morning, that if you—you may plead guilty, not guilty, or stand mute. If you stand mute or plead not guilty, then this case would be set for trial for a later date.

"The maximum penalty is 90 days in the county jail, $100 fine, plus court costs.

"Do you understand everything I've said, sir?

*"MR. McKINNON:* Yes, I do.

*"THE COURT:* Do you have any questions at all?

*"MR. McKINNON:* No, I'd just like to say that I want to get this over with and get on with my life.

*"THE COURT:* Again then, what type of plea would you like to enter on the charge of Reckless Driving?

*"MR. McKINNON:* Guilty as charged."

Defendant was sentenced to one year's probation on condition that, *inter alia,* he spend 30 days in the county jail. On defendant's appeal, the circuit judge found that the court below had not "adequately followed" DCR 785, in that it did not inform defendant of his right against self-incrimination, citing *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). The circuit judge declined to remand the matter for trial or other proceedings.

Rather, he concluded that the "better result would be to simply void that portion of the sentence awarding *[sic]* Mr. McKinnon 30 days in the county jail". Defendant agreed to this result. The prosecutor did not object. The circuit court entered its written order on March 3, 1982.

We first hold that the circuit judge was correct as to the infirmity of defendant's plea. DCR 785.4(e) [formerly DCR 785.4(d); see, 417 Mich clxvi (1983)], requires the court to advise defendant of the rights he would have at trial. The court's failure to personally advise defendant of the rights waived incident to a guilty plea renders the plea constitutionally infirm. *People v Tallieu,* 132 Mich App 402; 347 NW2d 469 (1984); *People v Taylor,* 89 Mich App 238, 240-241; 280 NW2d 500 (1979). The right to remain silent is one of the rights of which the defendant must be informed. *Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975); *Jaworski, supra.* See also, *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

In this case, the district judge told defendant he would have the right to testify if he wanted to. The people argue that this statement implied that defendant would also have the right not to testify. In *Guilty Plea Cases, supra,* p 122, the Supreme Court stated that an "imprecise recital" of the Fifth Amendment right might suffice. In particular, the Court held that a defendant was adequately advised of this right when told of her right "to remain silent" (but not of her right to refuse to take the stand and testify). *Id.* In another case the Court found a statement that defendant could "choose not to take the stand" sufficient. *Id.,* pp 122-123. In the present case, there was no mention whatsoever of the Fifth Amendment right. A statement that a defendant cannot be prevented from testifying does not, necessarily or logically, encom-

pass the right to refuse to testify. An accused's choice of whether to testify or not may be dependent upon a host of strategic considerations that have no connection with the right to remain silent. That defendant may choose to testify sheds no light on whether the state may force him to testify.

Accordingly, defendant's plea was "constitutionally defective and the conviction must be set aside". *Guilty Plea Cases, supra,* p 121. However, the circuit judge did not set aside the conviction, but changed the sentence. The circuit judge apparently relied on a statement in *Guilty Plea Cases, supra,* p 121, that "[a] *Jaworski* defect cannot be corrected on a remand". He thereby misread that decision. Clearly, the Supreme Court was referring to an attempt to breathe vitality into the original plea and conviction, not whether defendant could be convicted validly after the plea is set aside. Since defendant's conviction is infirm and must be vacated, the sentence must fall as well. Obviously, there can be no sentence without a valid conviction.

Defendant argues that the people should not be heard to challenge the circuit judge's order, since they did not object to it in the proceedings below. This argument lacks merit. The circuit court did not have jurisdiction to change the specific terms of the district court's sentence. *People v Coles,* 417 Mich 523, 536-537; 339 NW2d 440 (1983), citing MCL 769.1; MSA 28.1072. An order entered by a court without jurisdiction is absolutely void. *In the Matter of Hague,* 412 Mich 532, 544; 315 NW2d 524 (1982). A court should take note of the limits of its own jurisdiciton, " 'though the question is not raised by the pleadings or by counsel' ". *Fox v Board of Regents of the University of Michigan,* 375 Mich 238, 242; 134 NW2d 146 (1965), quoting

*In re Estate of Fraser,* 288 Mich 392, 394; 285 NW 1 (1939). The parties cannot, even by stipulation, empower a court to hear a matter over which it lacks jurisdiction. *Deeg v Detroit,* 345 Mich 371, 381; 76 NW2d 16 (1956).

Finally, defendant argues that there is no statutory provision for the prosecutor's appeal in this case. We disagree. Recently, the Supreme Court held that MCL 770.12; MSA 28.1109 is the prosecutor's sole avenue of appeal. *People v Cooke,* 419 Mich 420; 355 NW2d 88 (1984). The statute provides, in pertinent part, that the people may appeal from an "order of the court relative to * * * proceedings had or made before the defendant is put in jeopardy". MCL 770.12(c); MSA 28.1109(c). In the present case, defendant has never been placed in jeopardy, since he pled guilty in district court. "[T]he rule that a plea of guilty constitutes jeopardy has its proper application and force only as against a new charge for the same offense, and not to a continuing proceeding on the one, original charge." 22 CJS, Criminal Law, § 248, p 654. See also, *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 123; 215 NW2d 145 (1974); *People v McMiller,* 389 Mich 425, 431; 208 NW2d 451 (1973). Defendant has not been put to trial before a trier of facts. *Serfass v United States,* 420 US 377, 388; 95 S Ct 1055; 43 L Ed 2d 265 (1975). Accordingly, jeopardy has not attached, and the appeal is allowed. MCL 770.12(c); MSA 28.1109.

The circuit court's order of March 3, 1982, is reversed. Defendant's plea is set aside, and the case remanded to the district court for further proceedings consistent with this opinion.